DAVIS, GOULD & CO. v. DANFORTH & CO.

1. **Sale:** UPON ORDER GIVEN TO AGENT: FAILURE OF AGENT TO TRANSMIT CONDITION AS TO WARRANTY: LIABILITY OF PRINCIPAL.　Where plaintiffs' agent, who was authorized to take orders for wagons and carriages and transmit them to plaintiffs, took defendants' order, but defendants, not being content with plaintiffs' printed and published warranty, demanded a further warranty, whereupon a warranty was written out by the agent in duplicate, one copy of which was left with the defendants, and the other of which the agent agreed to forward with the order to his principals, for their acceptance or rejection; and he sent the order, but failed to send the warranty, and plaintiffs forwarded the wagons and carriages without any knowledge of the written warranty, and the goods did not fulfill the conditions thereof, *held* that plaintiffs were liable to the same extent as if the goods had been sold by them upon that warranty.

ADAMS, J., *dissenting*.

2. **Evidence:** WRITTEN CONTRACT: ORAL TESTIMONY EXCLUDED: ERROR CURED.　Where the court erred in admitting oral testimony of a contract afterwards reduced to writing, *held* that the error was not ground for reversal, where the court afterwards instructed the jury that, if the contract was reduced to writing, no recovery could be had on the oral statements made prior to the writing.

3. **Instructions:** MUST BE PERTINENT TO ISSUES.　Certain instructions asked in this case, being based on a wrong theory of the issues, were properly refused.

*Appeal from Decatur District Court.*

TUESDAY, APRIL 7.

PLAINTIFFS brought this action to recover a balance alleged to be due them for certain carriages and wagons sold by them to defendants.　Defendants admitted the sale and delivery to them of the property described in the petition, but as a counter-claim they alleged that the property was sold by plaintiff with a warranty of its quality, and that there was a failure of such warranty, whereby they were damaged in a large amount.　Defendants recovered on their counter-claim, and plaintiff appeals.

*Brockett & Young*, for appellants.

*Laughlin & Campbell*, for appellees.

REED, J.—I.   Plaintiffs are engaged in the business of manufacturing wagons and carriages at Cincinnati, Ohio, and defendants reside at Mt. Ayr, in this state, and are merchants engaged in the purchase and sale of goods of that class.   An agent of plaintiffs called on defendants at their place of business, and solicited them to make a purchase from his principal, and they accordingly executed and delivered to him an order for the goods in question.   This order was sent by the agent to plaintiffs at Cincinnati, and they shipped the goods to defendants by rail.   The agent, at the time he received the order, had in his possession plaintiffs' printed catalogue and price-list, in which was printed what purported to be the warranty which they gave in the sale of their goods. This warranty was shown to defendants; but their claim is that they did not purchase the goods in question under this warranty, but that the agent, at the time the order was given, gave them a written warranty of the quality of the goods, which was much broader in its terms than the printed warranty contained in the catalogue.

The evidence shows, without any conflict, that defendants were unwilling to purchase the goods with the warranty contained in the catalogue, and that the agent proposed to write out and transmit to plaintiffs with the order a warranty of the quality of the goods which would be satisfactory to defendants; and this was assented to, and the agent accordingly did write such warranty in duplicate, and left one copy with defendants, and promised to transmit the other copy, with the order, to plaintiffs; and it was agreed between the agent and defendants that the order and warranty should be subject to plaintiffs' approval and acceptance, and that if they accepted the order the goods should be sold under said written warranty.

*Marginal note:* 1. SALE: upon order given to agent: failure of agent to transmit condition as to warranty; liability of principal.

The agent, however, did not transmit the written instrument, but sent the order alone. It is shown that the agent had power to solicit orders for goods and transmit them to plaintiffs, but it does not appear that he had authority to make sales of goods. It does not appear that defendants had any knowledge that the agent had not sent the written warranty with the order, until after they had received the goods and disposed of a portion of them.

Plaintiffs objected to all evidence of the written warranty, on the ground that it was not shown that the agent had any authority to bind them by a contract of that character. But this objection was overruled, and the evidence was admitted. This ruling is now assigned as error. The satisfactory answer to the objection is that the agent did not assume to bind plaintiffs by any contract. He did not undertake either to sell the goods or to give any warranty of their quality. He had authority, however, to solicit defendants' order and transmit it to plaintiffs for their acceptance or rejection, and when they gave him the order, and consented that it and the written warranty might be transmitted to plaintiffs, they thereby offered to purchase the goods with that warranty; but they did not offer or consent to make the purchase on any other terms. When they received the goods, they had every reason to believe that the terms of their offer had been accepted by plaintiffs; and they disposed of a portion of the goods in that belief.

When the agent transmitted the order, he was acting within the scope of his employment, but in withholding the written warranty he perpetrated a fraud. It was his duty to transmit to his principals for their acceptance or rejection the very offer which defendants had made; but, by transmitting the order alone, he led them to believe that defendants' offer was materially different from what it actually was, and they shipped the goods in that belief.

Defendants' offer was to purchase the goods upon certain terms, and plaintiffs were led to ship them in the belief that

the offer was materially different. But they were led into this error by the fraud of their agent, and, as either they or defendants must suffer in consequence of this fraud, the law puts the burden of the loss upon them. 1 Pars. Cont., 73, 74. The relations and rights of the parties, therefore, are not different from what they would have been if the offer actually made by the defendants had been communicated to and accepted by plaintiffs. They are held to have accepted it as it was actually made. The validity of the written warranty, then, did not depend upon the question of the agent's power or authority to make it.

II. A witness who was present when the order was executed was permitted, against plaintiffs' objection, to detail

2. EVIDENCE: written contract: oral testimony excluded: error cured.

the statements made by plaintiffs' agent during the negotiation with reference to the quality of the carriages manufactured by plaintiffs. This evidence ought not to have been admitted. As the warranty was in writing, all contemporaneous and prior representations as to the quality of the goods were merged in the written instrument. But in an instruction subsequently given the jury were told, in effect, to disregard this evidence. They were told that if the warranty was reduced to writting there could be no recovery on any parol representations made prior to the making of the written warranty. With this instruction, we think plaintiffs could not have been prejudiced by the parol evidence.

III. Plaintiffs objected to certain evidence which was offered for the purpose of establishing a failure of the warranty. The ground of the objection was that the evidence had no tendency to prove a failure of the warranty contained in the printed catalogue. But it did have a tendency to prove a failure of the written warranty; and, as the rights of the parties were to be determined with reference to that instrument, the evidence was properly admitted.

IV. Plaintiffs asked the court to give the following instructions, and its refusal to give the same is assigned as error:

Davis, Gould & Co. v. Danforth & Co.

3. INSTRUC-
TIONS: must
be pertinent
to issues.
" (1) The jury are instructed that it is a rule of law that a person dealing with an agent, or one claiming to be such, is bound, at his peril, to see that the agent has authority to bind his principal in such transaction, or that the agent is acting within the scope of his apparent authority. (2) An agent authorized to sell goods with a printed warranty, the legal presumption would be that he was authorized to make sales upon the terms and conditions therein contained, and not otherwise. Being authorized to sell, and the terms on which the plaintiffs sold the goods being published in a printed document, there would be no presumption that the agent was empowered to go outside those printed terms in making a contract." These instructions were asked on the theory that the contract of warranty, under which defendants were seeking to recover, was made by plaintiffs' agent. But, as we have seen, this is not correct. The agent did not assume either to sell the property, or to bind plaintiffs by a warranty of its quality. All he undertook to do was to transmit defendants' offer to purchase to his principal. The instructions, therefore, have no application to the facts of the case.

The foregoing discussion disposes of all questions presented by the record. We see no ground for disturbing the judgment of the district court, and it is accordingly

AFFIRMED.

ADAMS, J., *dissenting.* I am not able to see how a recovery can properly be had upon the alleged warranty. The plaintiffs never saw nor heard of the warranty, and certainly did not make it, unless through the alleged agent; but he did not make any warranty. He did not have the power to warrant, and did not claim to have. He did not even have the power to make a sale. He had no power, except to take orders, and the defendants had no reason to suppose that he had. If they desired goods different from those specified in the catalogue, or a different warranty, they should have so

provided in their order, because the agent had no authority to do more than to transmit their order. What he undertook to do outside of what he was employed to do, he undertook for the defendants. If the agent had assumed the power to warrant, and the plaintiffs had done anything by which his act was ratified, the case would be different. *Eadie v. Ashbaugh*, 44 Iowa, 519. But I have seen no case where a person has been held bound by a warranty which he never saw nor heard of, and which no person ever assumed to have the power to make as his agent. We held in *Baudouine v. Grimes*, 64 Iowa, 370, that there could be no ratification of an act in which the agent did not undertake to bind his principal.