McARTHUR, ADM'R, v. THE HOME LIFE ASSOCIATION.

1. **Life Insurance:** AGENCY: ESTOPPEL TO DENY AUTHORITY. The defendant knew when it issued the life-insurance policy in suit that H., claiming to act as its agent, had procured the application, and it thereafter received from the assured all the dues and assessments, according to the terms of the policy, up to the time of the death of the assured. *Held* that it could not afterwards be heard to deny that H. was its authorized agent. (Compare *Eadie v. Ashbaugh*, 44 Iowa, 519, and *Milligan v. Davis*, 49 Id., 126.)

2. ————: ————: FRAUD OF AGENT WITHIN SCOPE OF AUTHORITY: COMPANY BOUND. An agent of a life-insurance company had authority to procure and send in applications and to deliver policies. In this case, in filling up the application, he fraudulently misstated the age of the assured, and filled out a physician's certificate and forged the name of the examining physician thereto, and, while the policy was in his hands for delivery, he changed the age of the assured, as stated therein, so as to show his real age, and then delivered it. The assured never knew of these fraudulent acts, and the company knew nothing of them until after his death. *Held* that these acts were done by the agent within the scope of his authority, and that the company was bound by them. (Compare *Davis v. Danforth*, 65 Iowa, 601.)

*Appeal from Des Moines Circuit Court*—HON. CHARLES H. PHELPS, Judge.

THURSDAY, DECEMBER 8.

ACTION on a policy of insurance. Judgment for the plaintiff, and the defendant appeals.

*Newman & Blake*, for appellant.

*Antrobus & McArthur*, for appellee.

SEEVERS, J.—The trial was to the court, and the following are the facts found by the court: "That on the 7th day of June, 1882, one Geo. W. Hair, claiming to act as agent for the defendant, applied to decedent, A. Wooline, to take out a policy of insurance on his life in defendant company; that said Hair, through B. A. Bailey & Co., district agents of defendant's company, forwarded the application to the

defendant, with his name endorsed as agent thereon; that on the 12th day of June, 1882, defendant issued a policy to decedent on said application for the sum of $3,000, by the terms of which defendant undertook and agreed, upon proper proof of his death, to assess each member of class B, in which he was insured, according to the policy held by each in division B, then in force, and to pay over the amount so collected, less cost of collection, to the legal heirs of the assured, which policy was delivered to decedent by the duly-authorized agent of defendant; that decedent paid all his dues and assessments on said policy, according to its terms, up to February 16, 1885, on which day he died; that in April, 1885, proofs of his death were filed with the defendant in regular form, and thereupon the defendant made an assessment as stipulated in the policy, and realized therefrom the sum of $455.50, which was all they were able to collect on said assessment, which it now holds subject to the decision of this court; that the application upon which the policy was issued was filled up by said Hair; that said decedent, in reply to the question as to the date of his birth, stated that he was born on the 25th day of December, 1816; but that said Hair falsely stated it in said application as December 25, 1846, but, in reading the answer to decedent, read it as December 25, 1816; that decedent had no knowledge that the date of his birth was falsely stated in said application; that the policy issued to decedent stated that his age was thirty-six; that said policy was changed by said Hair after it was received by him, and before he delivered it to decedent, so as to represent his age as sixty-six, of which change decedent had no knowledge; that the pretended examination of the applicant by a physician, and indorsement on the application, was forged by said Hair without decedent's knowledge, and that in fact no physician's examination was ever made; the defendant had no knowledge of the false statement of the age of the applicant, or of the forging of the physician's certificate, or of the change of

the age on the policy, until after the death of the assured; that the true age of the decedent appeared in the proof of death, which was received before the assessments were made; that under the rule of defendant company no policy was to be issued to any person over sixty years of age; that sometimes applications taken by said Hair were sent by him directly to the company, and that policies were sometimes sent by the company directly to him for delivery, but that this particular policy was sent to Hair through B. A. Bailey & Co., district agents of defendant, by whom Hair was employed to take applications for policies. I further find that the assessments made under the policy were made upon the basis of the age of thirty-six, which was only one-half the assessment due upon policies issued to parties over fifty-six; the amount in the first case being one dollar, and upon the second, two dollars. I find that the policies contain the following provision, it being the only one relating to the authority of the agent, and there is no other evidence as to the authority of the agent Hair, except such as is found by the court in said clause of the policies. The said clause reads as follows: 'No. 7. The authority of the agent ends with sending in the application and delivering the policy, and he has no authority to collect assessments or annual dues, nor has the agent any authority to waive forfeiture, or change in any way whatever any of the conditions, provisions or stipulations of this policy; and nothing shall be intended or deemed a waiver or a forfeiture or a change of the terms and conditions of this policy, on the part of the association, unless indorsed by the president or secretary thereon.' "

I. Was Hair the defendant's agent? The court found that he claimed to be acting in that capacity, and that he forwarded the application upon which the policy issued to the plaintiff through Bailey & Co., and that Hair's name was endorsed upon such application as agent. The defendant knew when it accepted

1. LIFE insurance: agency: estoppel to deny authority.

the application and issued the policy that Hair, claiming to act as its agent, had procured the application, and the defendant thereafter received from the assured all of the dues and assessments due the company, according to the terms of the policy, for the period of nearly three years. Having received and enjoyed all the benefits of Hair's acts, the defendant cannot now be permitted to say he was not its agent. (*Eadie v. Ashbaugh*, 44 Iowa, 519; *Milligan v. Davis*, 49 Id., 126.)

II.   Is the defendant bound by what its agent did when acting within the scope of the authority with which he was invested? We think this must be so. Hair, as it must be presumed he was authorized to do, filled up the application, and therein he falsely stated the age of the assured; and of this fact neither the assured nor the defendant had any knowledge. This clearly was a fraudulent act. But as Hair, at the time, was acting within the scope of the authority with which he was invested, the defendant is bound by the fraud of its agent. (1 Pars. Cont., 73, 74; *Davis v. Danforth*, 65 Iowa, 601; *Bank of California v. W. U. Telegraph Co.*, 52 Cal., 280; *Jewett v. Carter*, 132 Mass., 335.) The same rule must prevail as to the medical certificate which was forged by Hair, and such is true as to the material alterations made on the face of the policy by Hair. It will be observed that the policy was intrusted to Hair for delivery to the assured, and that while it was in his possession, and before it was delivered, Hair fraudulently and materially changed it. It cannot be fairly said that Hair was a stranger to the parties or transaction, as counsel for the defendant contend. Counsel further claims that whoever deals with an agent is bound to inquire as to the extent of his authority. That such is the general rule, where a person contracts with an agent for a known principal, will be conceded; but whether it applies with full force, when the agent commits a fraud on both his principal and the party contracted with, may be doubted, for the reason that it cannot be presumed that a

*Margin note: 2. ——: ——: fraud of agent within scope of authority: company bound.*

fraud will be committed. But, be this as it may, Hair, in transacting the business of the defendant, was authorized to fill up the application in accordance with the facts stated to him by the assured. He therefore was acting within the scope of the authority with which he was invested, and this is true as to the delivery of the policy. The medical certificate was an essential part of the application. In performing the business of the defendant, Hair perpetuated a fraud, and the fact that he did so without defendant's knowledge is immaterial.

The judgment of the circuit court is right, and must be

AFFIRMED.