ELLA M. WEATHERWAX, Respondent, v. ROYAL INDEMNITY COMPANY, Appellant.

EDGAR H. WEATHERWAX, Respondent, v. ROYAL INDEMNITY COMPANY, Appellant.

(Argued January 14, 1929; decided February 13, 1929.)

*Frederick E. Draper* and *Frank J. O' Neill* for appellant. The charge of the trial court that the notice of the accident claimed to have been given by Gainor, the insured, to Wager, the local agent, was, if given, sufficient notice under the terms of the policy, and the refusal of the court to charge that the notice claimed to have been given was not sufficient notice constituted reversible error. (*Miller* v. *Ætna Casualty & Surety Co.*, 208 App.

Div. 245; *Hass Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343; *Taylor* v. *Mayor, etc., N. Y.*, 82 N. Y. 10; *Paul* v. *Travelers Ins. Co.*, 112 N. Y. 472; *Wehle* v. *U. S. Mutual Accident Assn.*, 153 N. Y. 116; *Whiteside* v. *North American Accident Ins. Co.*, 200 N. Y. 320.) It was reversible error for the trial court to charge the jury that if they found defendant did not receive notice of the accident from the insured they could not find against defendant unless they found that defendant had waived the right to this notice. And also in summarizing the issues, to charge that the question was if defendant had had proper notice, and if it had not had such notice whether it had waived notice. (*La Chicotte* v. *Richmond R. & El. Co.*, 15 App. Div. 380; *Elting* v. *Dayton*, 144 N. Y. 644; *Black* v. *London Guarantee & Accident Co.*, 190 App. Div. 218; 232 N. Y. 535; *Schnaier* v. *Nathan*, 31 App. Div. 225; *Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52; *Claffins, Inc.*, v. *Gerber*, 214 App. Div. 245; *Ohlbaum* v. *Ohlbaum*, 218 App. Div. 842; *Hermance* v. *Globe Indemnity Co.*, 221 App. Div. 394; *Holmes* v. *Moffat*, 120 N. Y. 159; *Loomis* v. *N. Y. C. R. R. Co.*, 203 N. Y. 359; *Lennox* v. *Interurban Street Ry. Co.*, 104 App. Div. 110; *Michally* v. *301 Madison Ave. Corporation*, 213 App. Div. 616.) It was reversible error for the court to refuse defendants' request to charge that if the jury found that insured did not give the notice to the local agent, Wager, he claims to have given, then by insured's failure to reply or object to the reservations contained in defendant's letters of December 5 and 14, 1925, he acquiesced in and consented to the course taken by defendant and there was, therefore, no waiver of the immediate notice condition of the policy. (*Gordan* v. *Mass. Bonding & Ins. Co.*, 229 N. Y. 424; *Mason Henry Press* v. *Ætna L. Ins. Co.*, 211 N. Y. 499; *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455; *Weiss* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 131 Misc. Rep. 836; *Farrell* v. *Merchants Mut. Auto Liability Ins. Co.*, 203 App. Div. 118.)

*Harold W. Turner* for respondent. The charge relating to waiver constitutes no reversible error. (*Farrell* v. *Merchants Mut. Auto Liability Ins. Co.*, 203 App. Div. 118; *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455.)

CARDOZO, Ch. J. Plaintiffs recovered judgments against Gainor upon claims for personal injuries. Execution being returned unsatisfied, they brought these actions under Insurance Law, § 109 (Cons. Laws, ch. 28), upon a policy of insurance issued by the defendant, whereby Gainor was indemnified against loss· from liability for negligence. The rule is settled that a creditor, enforcing such a policy, stands in the shoes of the insured, and forfeits the insurance if there has been a breach of its conditions (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y.· 271). The question is whether such a breach should have been found.

The defendant is an insurance company with its principal office in New York city and with a branch office in Troy where Gainor, the insured, resided. One of the conditions of its policy is that " upon the occurrence of any accident covered " thereby, " the insured shall give immediate written notice thereof to the company at its head office, or to the agent who has countersigned this policy," and forward any process or pleadings afterwards received. Insurance Law, § 109, as amended in 1923, provides that no such policy shall be issued " unless there shall be contained within such policy a provision that notice given· by or on behalf of the insured to any authorized. agent of the insurer within this State, with particulars sufficient to identify the insured, shall be deemed to be notice to the insurer." A rider added to the policy in suit incorporates this provision in the language of the statute.

The insurer did not receive immediate written notice of the accident, which occurred on October 16, 1925. There is testimony by the insured, however, that a day

or two later, he sent a message over the telephone to the local agent in Troy, stating what had happened. The message was to the effect that a collision had occurred at a stated place, but that no one apparently had been injured. To this the agent made answer, it is said, that he would take care of the matter, and in substance that nothing more was necessary. The agent was dead when the testimony was given. Against it must be set, however, a written admission by the insured that he had failed to give notice, and this in the belief that no one had been injured. His explanation of the admission is that he signed without reading. The credit to be given to his testimony was matter for the jury.

On December 2, 1925, actions for damages were begun by the victims of the accident, and the papers served on the insured were sent on to the insurer. On December 5 the defendant wrote that it would investigate the circumstances surrounding the accident with the understanding that neither such investigation nor any other act in connection with the defense should be deemed a waiver of any of the provisions of the policy or of any of its rights thereunder. On December 14 it wrote: " We will put in the answers of these cases, subject to a reservation of our rights," and " if upon investigating we find that we have been prejudiced by the delayed notice we will then be obliged to return the suit papers to you." To this the insured made no objection or response. The insurer served the answers, and noticed the actions for two successive terms of court. In the meantime it investigated the claims, and found that there were witnesses to the collision (though the written statement by the insured was to the effect that there were none) and also that injuries had resulted (though again the written statement by the insured was to the contrary). Thereupon the insurer withdrew from the defense. In its letter to the insured, dated February 8, 1926, it disclaims all liability to defend the actions or

to satisfy any recovery, for the reason that there had been a failure to make prompt report of the accident in accordance with the policy. At the same time the pleadings and other papers were returned with a request that the insured retain some other counsel. This he failed to do though afforded ample opportunity, and three months later there were judgments by default.

The trial judge left it to the jury to say whether notice of the accident had been given over the telephone, and instructed them in effect that if given as stated, they might find it to be adequate. In this there was no error. The provision of the statute (Insurance Law, § 109) that notice to any authorized agent within the State, with particulars sufficient to identify the insured, shall be deemed to be notice to the insurer, does not exempt the insured from compliance with the provision of the policy that notice shall be in writing and immediate. Its only effect is to enlarge the class of agents to whom such notice may be given. The local agent in Troy was competent by force of the statute, if not otherwise, to accept service of the notice, but he was free to insist that it be given h m in writing. This he failed to do. Instead of insisting that it be written, he accepted it as sufficient, if the testimony for the plaintiff is to be credited, and promised the insured to give his attention to the matter. A different question would be here if the policy contained provisions limiting the authority of agents to waive compliance with its conditions, and requiring that any waiver be indorsed upon the instrument (*Quinlan* v. *Providence Washington. Ins. Co.*, 133 N. Y. 356, 364). Nothing of the kind is in the policy before us. In such conditions the rule is that in the absence of notice of restriction, a general agent of an insurance company has apparent authority to waive a provision that notice shall be written, and to substitute an oral notice by words or conduct signifying that he accepts it as sufficient (*Pechner* v. *Phœnix Ins. Co.*, 65

N. Y. 195, 204, 205; *Beaty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380 388).

The trial judge did not limit the jury, however, to the single quest'on of the transmission of an oral notice. He told them that even though notice had been omitted altogether, a waiver of that condition might be inferred from the conduct of the insurer in serving answers to the complaints and thus assuming the defense. In that rul'ng there was error. No doubt a waiver may often be inferred from the assumption of the defense of such a claim without reservations or conditions. Here reservations or conditions were imposed by the insurer, and assented to by the insured through tacit acquiescence (*Hermance* v. *Globe Ind. Co.*, 221 App. Div. 394; *Farrell* v. *Merc. Auto L. Ins. Co.*, 203 App. Div. 118, 121; *Gordon* v. *Mass. Bonding & Ins. Co.*, 229 N. Y. 424). This was done at successive stages. The papers in the lawsuit were accepted with a reservation of all rights, and the answers were interposed with a warning, prompt and unequivocal, that the insurer would withdraw if it found that it had been prejudiced by the dilatory notice. We think it meant to make itself the judge whether prejudice had in fact resulted, and not to proceed or to retire as prejudice or no prejudice might be determined by a jury. Even if honest judgment be the test, we may not say upon this record that its inference of prejudice was dishonest or capricious (*Matter of Bloomfield* v. *November*, 223 N. Y. 265). Seasonably and with ample notice to the insured, it withdrew from the defense and stood upon its rights. There was error in the ruling that they might be found to have been waived.

In each action, the judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted with costs to abide the event.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.