# Wytheville

R. O. CREECH V. MASSACHUSETTS BONDING AND INSURANCE COMPANY.

June 15, 1933.

Present, All the Justices.

The opinion states the case.

R. A. *Cordell* and *Michael Cooper,* for the plaintiff in error.

*Rixey & Rixey,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Plaintiff's automobile was, on May 10, 1931, involved in an accident which resulted in damage to two other parties, who recovered judgments against him for the loss each sustained. Plaintiff paid one of the judgments and then instituted this action, in his own behalf and in behalf of the other judgment creditor, on a liability insurance policy issued by defendant. The trial court sustained defendant's motion to strike all the evidence from the consideration of the jury and entered judgment for defendant. This writ of error brings under review one question—Was the trial court correct in sustaining that motion?

The ground upon which defendant relies to escape liability under the provisions of its policy is paragraph 11 set forth in the policy under "Schedule of Statements" thus:

"No similar insurance has been cancelled by any company or declined for renewal during the past three years, except as herein stated: No exceptions."

It is conceded that at the time the policy was issued plaintiff did not make the above statement, nor did he know that a similar insurance policy on his automobile had been cancelled. The testimony is that the statement was made by T. S. Machen, who knew it was false when made. There was other testimony tending to prove that the statement

was material to the risk. The decision of the case turns on the question whether Machen was agent of the insured or the insurer.

The defendant company contends that when Machen obtained the policy for plaintiff he was not its agent but plaintiff's. To support this contention the case of *Travelers' Ins. Co.* v. *Thorne* (C. C. A.) 180 Fed. 82, 38 L. R. A. (N. S.) 626, is cited, where it is held that an 'insurance agent who obtained information regarding plaintiff from an old insurance policy and procured insurance from a company not represented by him, was acting as agent of the insured and not of the insurer, and that knowledge to such agent of the falsity of the statements made in the application was not knowledge to the company. It is interesting to note that the same insured, on the same facts, recovered against another company in the State court. See *Thorne* v. *Casualty Co.*, 106 Me. 274, 76 Atl. 1106.

The courts in the different jurisdictions are not in accord on the question, and in many jurisdictions it is determined by statute. But even in the case first cited there were only two acts of the insurance company which tended to show that the insurance agent was acting for it, *i. e.*, the acceptance of the application and the giving of the policy to the agent for delivery to the insured. This the court held to be insufficient to constitute the broker agent of the insurance company.

The facts in the case at bar are clearly distinguishable from those in the *Thorne Case*. Here the plaintiff, a shoemaker, had had practically no experience with insurance companies writing liability policies and hardly knew one company from another. He knew T. S. Machen, who in the name of T. S. Machen & Co., Incorporated, was engaged in the real estate insurance business and was the duly authorized agent of Aetna Casualty and Surety Company. Machen had on several occasions prior to March 3, 1931, solicited plaintiff to purchase indemnity insurance on his automobile in the company represented by him. On that

day plaintiff agreed to purchase the insurance and to pay the premium in installments. Machen obtained all the necessary information and in the office of E. G. Farley, special agent for the Aetna Company, caused blanks in the policy to be filled in triplicate and countersigned the policy as agent. Whether he actually delivered the policy to plaintiff is in dispute. A copy of the blanks so filled with information regarding plaintiff was retained in Farley's office and a copy sent to the general office of the company in Richmond, Virginia. On March 10th the Richmond office notified Farley to take up for cancellation the policy prepared for plaintiff. This request was communicated to Machen, who on March 13, 1931, went to the office of R. Lee Page, an authorized agent of Massachusetts Bonding and Insurance Company, obtained the policy on which this action is based, and on either that day or the next delivered it to plaintiff, whose account of the transaction is as follows:

"Mr. Machen come into my shop and said, 'Well, I have got that policy.' He says, 'I wrote my limit of insurance with the Aetna Company' (I think that is the name of it, I don't know just how you spell it), 'so when I got back to the office and looked at my books they showed I had already wrote up my limit with that company, so I put you in the Massachusetts.' I said, 'Any difference in the price?' he said, 'No, here is the bill, the same thing, it is just like the other.' I said, 'If it is just like the other it is all right with me,' and he thanked me and went away somewhere and I made the rest of my payments there at the office."

Some two months thereafter, to-wit, on May 10, 1931, the accident occurred out of which this litigation arose. Plaintiff reported the accident to Machen, who sent him to the office of R. Lee Page, where again he gave an account of the accident. On May 20th the Massachusetts Bonding Company wrote to plaintiff asking him to fill in a certain form giving full particulars of the accident, but stating in the letter that no action taken by representatives of the

company in regard to the matter "should * * * be construed as a waiver of said insurance company's right to deny liability under policy."

On the same day, *i. e.*, May 20th, plaintiff paid Machen an installment of $6.00 on the premium. On May 22nd the Massachusetts Bonding and Insurance Company, by its attorneys, wrote plaintiff a letter denying liability on two grounds: First, because of the material misrepresentation made in statement Number 11, and second, because they had not received payment of the premium, or any part thereof, and asserting that Machen was agent of plaintiff and not of defendant.

Thereafter plaintiff duly notified the insurance company of the claims made and the actions instituted against him for damages arising out of the accident. The company continued to deny liability and in due course this action was instituted on the policy, with the results above noted.

Our attention is directed to only two occasions when plaintiff discussed with Machen the subject of insurance. One was on March 3, 1931, when Machen sought plaintiff for the purpose of selling him liability insurance on his automobile in the Aetna Company. On that day Machen was the seller and plaintiff the purchaser of insurance in that company. There is not a scintilla of evidence which tends in the slightest degree to show that plaintiff constituted Machen his agent to do anything. When Machen was informed that his company would not carry the insurance on plaintiff's automobile he, without consulting plaintiff, sought and obtained a policy from the Massachusetts Bonding and Insurance Company. When he delivered that policy he did not inform plaintiff that the insurance which he had sold him in the Aetna Company had been cancelled, but stated that he had written his limit in that company and for that reason was unable to write more with it, adding, "So I put you in the Massachusetts." Plaintiff accepted the insurance policy in this company.

From this evidence, it is clear that there was no express

authority given by plaintiff to Machen constituting him his agent. The only act from which agency may be inferred is acceptance of the policy by plaintiff.

When these transactions between plaintiff and Machen are considered along with the transactions between Machen and defendant company, it is reasonable and fair to conclude that defendant company constituted Machen its agent. This conclusion is based upon:

(1) The defendant company both prior to and after March 13, 1931, had accepted applications for insurance brought to it by T. S. Machen and Company. It was so accustomed to accepting this business that it rendered Machen monthly statements for the premiums due on insurance contracts written by him for R. Lee Page and Company. While Machen was to collect the premium on this particular policy in installments, R. Lee Page and Company extended the credit to Machen for the premium.

(2) When the policy in question was delivered to plaintiff there was stamped on it the name "T. S. Machen & Co., Inc., Agents." While the representative of defendant company stated that he did not authorize Machen to place his name on the policy, it was stated in argument that this is the usual custom of insurance brokers, and it is permitted by the different companies for the convenience of the brokers, so that when the insurance is renewed the broker who obtained the business may get the benefit of the renewal, but it is also evidence to the policyholder tending to show that the agent whose name appears on the policy is the agent of the company and not the agent of the insured.

(3) The defendant company furnished plaintiff a card reading thus:

"AV-716382

"IDENTIFICATION CARD

"*Massachusetts Bonding and Insurance Company*

"Home Office, Boston, Massachusetts

"Name   Roy O. Creech

"Address   3132 Cottage Toll Rd. Norfolk, Va.

"Insurance expires March 13th, 1932
"Agent T. S. Machen"

■ The defendant contends that notwithstanding that the name of Machen appears both on the policy and on the identification card as agent, he is not to be deemed the agent of the company because of stipulation K in the policy, reading thus:

"No person shall be deemed an agent of the company unless such person is authorized in writing as such agent by the president, a vice-president, a secretary, or an assistant secretary of the company."

This stipulation was put in the policy for the benefit of defendant company and it had a right to waive it if it saw fit. It is admitted that the company had knowledge of the fact that Machen was putting his name as agent on the policies procured by him and it raised no objection thereto. In addition, it is conceded that at the time Machen obtained the policy from defendant company, the card of identification was filled out and his name placed thereon as agent by a representative of the company. On the back of the identification card is found the following:

"Present this card to any agent of the
"*Massachusetts Bonding and Insurance Company*

"The purpose of this card is to place our entire organization at the disposal of our automobile policyholders.

"In case of an automobile accident, our agent will render every possible assistance.

"In case of emergency, agents are authorized to telegraph the company at our expense.

"T. J. PALVEY, President."

■ Defendant company, relying upon that line of cases of which *Travelers' Ins. Co.* v. *Thorne, supra,* is typical, contends that the sticker and the card might make Machen its agent for the purpose of delivery of the policy or receipt of notice of accident, but that in applying for insurance he

should be considered as the agent of the insured. Here, the representative of defendant had frequently accepted business solicited by Machen and at the time he delivered the policy to plaintiff he was, with the knowledge of defendant, apparently its duly accredited agent. There was no limitation in the identification card or on the face of the policy upon which Machen's name appeared as agent which would tend to put plaintiff upon notice that Machen was not the duly authorized agent of defendant company.

(4) Defendant company practically admits in its brief that it constituted Machen its agent for certain purposes, i. e., to deliver the policy, collect the premium and receive notice of accidents. In delivering the policy, Machen concealed from plaintiff the fact that the Aetna Company had declined to accept him as an insurance risk, but on the contrary, gave him an excuse entirely foreign to the real facts, and thus while acting for defendant company induced him to accept the policy under a misapprehension of the true situation. It is evident that defendant on May 20th had received information from some source that there might exist grounds for it to escape liability on its policy, so in seeking certain information from plaintiff concerning the accident which occurred on May 10th it put him on notice that in seeking to settle the claim it would not be estopped to deny liability on the policy. On the same day its agent, Machen, with full knowledge of all the facts and circumstances, accepted from plaintiff part payment on the premium for this policy.

(5) R. Lee Page and Company, the accredited representative of defendant company, knew that T. S. Machen was the accredited representative of Aetna Casualty and Surety Company, its competitor in writing this class of insurance, and with knowledge of this fact it seems strange that this company did not seek any information as to why Machen did not sell plaintiff insurance in his own company, but blindly accepted the policy, and now relies upon the

contention that Machen was not its agent but the agent of plaintiff.

An insurance company, as other principals, is estopped from denying that a certain person is its agent, where it knowingly causes or permits him so to act as to justify third persons of reasonable intelligence in believing that he is the company's agent. 32 C. J. 1059, and cases there cited.

It will be noted that in this case plaintiff was not required to sign any application for the insurance, that all queries propounded to him were truthfully answered, and that he did not know that the statement in paragraph No. 11 was false until so informed by defendant company after he had notified it of the accident.

There is no substantial conflict in the facts and circumstances disclosed by the evidence in this case. It is, therefore, a question of law to be decided by the court whether T. S. Machen was the agent of defendant company. In our opinion, he was such agent and his knowledge is chargeable to defendant company. It follows that the trial court erred in sustaining the motion to strike the evidence from consideration of the jury. The judgment, therefore, will be reversed and the case remanded for a new trial not in conflict with the views herein expressed.

*Reversed and remanded.*

CHINN, J., dissents.