## PRUDENTIAL INS. CO. OF AMERICA v. MURPHY.
### No. 5167.

Circuit Court of Appeals, Seventh Circuit. Jan. 18, 1935.

John S. Sprowls and Lyman T. Powell, Jr., both of Superior, Wis. (Powell & Sprowls, of Superior, Wis., and Crassweller & Crassweller, of Duluth, Minn., of counsel), for appellant.

Peter B. Cadigan, of Superior, Wis., and Willis E. Donley, of Menomonie, Wis., for appellee.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

The suit was based on the disability clause of a policy of life and disability insurance for $15,000, dated April 2, 1928. The clause provided that in case the assured, before the age of sixty, became totally and permanently disabled so as to render him wholly, continuously, and permanently unable to engage in any occupation, or to perform any work for any kind of compensation of financial value during the remainder of his lifetime, the company would pay to him monthly the sum of $10 for each $1,000 of insurance, and would thereafter waive the payment of the premiums specified in the policy. The jury rendered a verdict finding that appellee became totally and permanently disabled December 16, 1929, and judgment accordingly was given for appellee.

Appellant's contention is that the great weight of the evidence requires the conclusion that appellee did not become totally and permanently disabled as in the policy specified, and that the court should have granted the motion for a directed verdict for appellant. It is also contended that counsel for appellee, in argument to the jury, made improper statements which greatly prejudiced appellant's case.

It is the theory of appellee that his alleged total and permanent disability dates from, and was caused by, an injury which he sustained in December, 1929, in the state of New York, where he then resided, while hauling logs to a sawmill; that the load of logs tipped over and upon him, holding him down and bruising and cutting his right leg and back and side; that he lay there for some time stunned and unconscious, until finally released by his brother; that, owing to a sleet storm, which broke the telephone wires, it was impossible to get a doctor for several days, and that thereafter the doctor treated him once or twice a week; that from the time of the injury up to the time of the trial he has been disabled so that he could do no work; and that he is totally and permanently disabled.

The record abounds in the sharpest contradictions as to most of the salient facts bearing on the question of his total and permanent disability—often as to matters concerning which it would scarcely seem there was room for contradiction.

Appellee testified that from the time of his injury he was unable to do any of his accustomed work in operating a large farm, either in New York, where he continued to reside until August, 1930, or in Wisconsin, where he has since resided on a farm. In this his brother and several others corroborated him. On behalf of appellant, a considerable number of appellee's neighbors and acquaintances in New York testified that he did about the same amount of work after the injury as before; and neighbors and acquaintances in Wisconsin testified to his doing very considerable work on his farm there. And so also as to his use of crutches and cane. He and others testified that after the injury he used crutches most of the time, and sometimes a cane; whereas the New York neighbors testified they never saw him with crutches and only rarely with a cane, and some Wisconsin neighbors testified to very much the same effect. There was testimony tending to show that when he supposed representatives of the insurance company were about he would get his crutches and would refrain from work.

It was testified by some that from his boyhood appellee limped and that his leg was atrophied. This was denied by appellee and his brother. In his proof of loss, in answer to questions, he mentioned that as a boy of seven he had sustained an injury to his right foot through a horse stepping on it, but that he had speedily and entirely recovered from it. It was testified that appellant's physician made a complete physical

examination of him at the time of the application. This physician did not testify. There is no contention, however, that the policy was issued upon any concealment or misrepresentation of facts by the insured.

The irreconcilable contradictions extend as well to the medical evidence in the case, of which much appears. It appears that in September, 1930, appellee went to the Mayo Clinic at Rochester, Minn., remaining there about ten days for treatment. He was there examined and his treatment directed by Dr. Henderson, who was there in charge of the section of orthopedic surgery. They also took X-rays of him and found his right foot was in an unusual position, turned inward, and that there had been damage to the smaller bones of the foot; that there were lime deposits in the heel cord and calcification of the vessels in that leg. There was considerable atrophy of the right leg, which, on examination just before the trial, was found to have become markedly smaller; and there appeared to be some injury to the spine. Dr. Henderson testified that the condition he observed might be attributable to an accident such as that which appellee said had happened in 1929; that from what he observed of appellee's condition, and from examination of the X-ray photographs, in connection with the history of the case as given by appellee, he was convinced that appellee's disability was total and permanent. Three other physicians, likewise of evidently high standing, who had examined appellee and the X-ray photographs, gave their opinions that appellee was totally and permanently disabled, and from the history of the case that the total and permanent disability had existed from December, 1929, when he was injured. Two of these physicians testified that their examination of appellee and of the X-ray photographs, apart from any history of the case, convinced them that appellee's condition was one of total and permanent disability, and that from the nature of the injuries they concluded he must have suffered much pain, and would continue so to suffer.

On behalf of appellant three doctors, of likewise evidently high standing, who had examined the X-ray pictures of appellee (two of them having also made physical examination of him), testified, in answer to hypothetical questions which assume, inter alia, that appellee, since the accident, personally performed a very considerable amount of physical labor and generally walked without crutches or cane, that in their judgment appellee was not totally or permanently disabled. All the witnesses testified in open court.

We have not undertaken to set out the substance of all the voluminous evidence in the case, but sufficient to indicate that there was such substantial evidence to support the verdict as would have made it improper for the court to have sustained appellant's motion for a directed verdict. The countervailing evidence, however of itself strong and convincing, cannot serve to neutralize or overcome the very material evidence tending to support the verdict. See New York, L. E. & W. R. Co. v. Estill, 147 U. S. 591, 13 S. Ct. 444, 37 L. Ed. 292; New York, C. & St. L. R. Co. v. Boulden, 63 F.(2d) 917 (C. C. A. 7); Strouse v. Union Indemnity Co., 67 F.(2d) 528 (C. C. A. 2).

■ Appellant contends that substantial error appears in alleged objectionable remarks to the jury in the closing argument of appellee's counsel. It would be sufficient answer to point out that, as to the more significant instances, the court's ruling was with appellant, and that as to all of them there was no exception to the court's ruling or failing to rule, and there was no request for any further ruling than that which was made. One of the objections refers to a statement to the effect that the insurance company paints in glowing colors the provisions of these policies, but, if anything happens, you find you have not bought protection but a lawsuit. As to this the court said: "I think you should confine yourself to the issues in the case. Go ahead." It was then stated that, intead of getting pay, appellee found he had to fight the Prudential Insurance Company of America, as strong as Gibraltar. Upon objection to this some argument followed between the court and counsel on both sides, whereupon the court again ruled, saying, "It is not a proper form of argument. I think we ought to confine ourselves to the issue"; which ended that feature. Thereafter appellee's counsel said that his opponent had stated they had great difficulty in getting neighbors to come to testify for appellant, saying:

"I do not see any great difficulty has been experienced in this particular case in getting witnesses here from the State of New York and from Wisconsin on the part of defendant. But the plaintiff with his limited resources—

"Mr. Sprowls: I object to this line of argument."

Whereupon appellee's counsel said: "There is no testimony as to his limited resources, so the objection is proper I think."

That was all there was to this incident. If appellant desired a ruling by the court notwithstanding this concession by opposite counsel, he should have asked for it; but there was no request and no exception. Surely no error appears in this. Besides, notwithstanding counsel's concession, there appears an item of evidence which tended to indicate appellee's reduced financial status. He testified, without objection: "I couldn't afford to stay there (at the Mayo Clinic) longer, and we told Dr. Henderson so." There is no merit in this assignment of errors.

There is, of course, no ground for the asserted error in the court's refusal to grant appellant a new trial. It is too well settled for discussion that a ruling on such a motion is within the sound discretion of the court and affords no basis for assignment of error. Fairmount Glass Works v. Cub Fork Coal Co., 287 U. S. 474, 481, 53 S. Ct. 252, 77 L. Ed. 439; Delaware & H. R. Corporation v. Cottrell, 69 F.(2d) 195 (C. C. A. 3) ; Ralston Purina Co. v. Bansau, 73 F. (2d) 430 (C. C. A. 7).

Upon the record before us, the judgment must be, and it is, affirmed.