## ZAUDERER v. CONTINENTAL CASUALTY CO.

### No. 199.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1944.

James Dempsey, of Peekskill, N. Y., for appellant.

Joseph F. Hanley, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff appeals from a judgment, entered upon the verdict of a jury, dismissing her complaint in an action upon a policy, issued by the defendant, insuring her against liability for personal injuries to other persons by her motor car. The defendant defended on the ground that she failed to give seasonable notice as required in the policy; that she failed to "cooperate" in the defense of an action brought against her; and that she had no interest in any recovery at the time when she commenced the action. The judge left to the jury all these questions of fact, and entered judgment upon the verdict. The only errors which the record raises are whether he was wrong in denying the plaintiff's motion for a directed verdict at the close of the evidence, in leaving to the jury the three questions we have just mentioned, and in telling them that the plaintiff could not recover if she had no interest in the recovery. We may dispose of the second two of these at once. Plainly the plaintiff could not recover, if she failed to fulfill the condition precedent of giving notice as the policy required or in cooperating in the defense, or if she had no interest in the recovery, that being a necessary incident in all actions. Rule 17(a), Rules of Civil Procedure, 28 U.S. C.A. following section 723c. We can therefore confine our consideration to the

single question whether it was error not to direct a verdict in her favor, and, since our conclusion is that the verdict upon the issue of notice was correct, we need not, and shall not, discuss the other two questions. Before proceeding to this, the only issue in the case, we pause to say that after the verdict came in, the plaintiff asked the judge to take a special verdict on each of the three questions submitted, which he refused to do. Admirable as that practice generally is in clarifying the actual decision of the jury, it is never a peremptory duty, and particularly is it not when the party who asks it delays until after the jury has brought in a general verdict. We are therefore to take the verdict as a finding by the jury that the plaintiff had not given the notice required by the policy. The evidence upon that issue, so far as it is necessary to state it, was as follows.

The policy contained this clause: "Notice of Accident. Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses." The accident took place on October 15, 1939; the plaintiff was at the wheel of her car in which were also her husband, two friends, and their infant son. The plaintiff's car collided with another driven by an employee of one, Pines, who was insured against liability by the Maryland Casualty Company. Everyone in the plaintiff's car was injured, or said that he or she was injured. The plaintiff sued Pines and lost, her husband sued him and recovered $2000; the three other passengers sued Pines and the plaintiff jointly, and recovered a judgment of over $12,000, half of which the Maryland Casualty Company paid direct to the judgment creditors, and the other half of which it paid to the plaintiff under what the parties described as a "loan," which she in turn paid to the judgment creditors, thus extinguishing the judgment in full on April 2, 1942. This action was commenced on June 2, 1942.

The plaintiff concededly was injured in the collision which happened in the City of Peekskill, New York. She had been struck in the head but did not appear immediately to be seriously injured, after being taken in an ambulance to a hospital in Yonkers; and on the afternoon of the same day, after being examined by an interne, she was taken home to her mother's in Yonkers, where she stayed in bed for five days under a doctor's care. Here she grew worse, for she was suffering from a concussion, and on the 20th she went back to the hospital in an ambulance, where she remained under the care of a doctor until her discharge. She suffered from dizziness, nausea, headache and pain in her side, and her eyes were extremely sensitive to light, so that she had to be kept in a darkened room. She stayed in bed until November 15, and left the hospital on the 20th. According to her own story, and her husband's, she told him first that she had insurance against liability, between the 5th and 13th of November when he visited her at the hospital; and her position was that until then it had not been "practicable" within the meaning of the policy for her to give notice of the accident. On November 6, her husband notified an insurance broker in Yonkers—not a representative of the defendant—of the accident, and this agent immediately notified the defendant's agent in Yonkers; but it was not until the 13th that her husband gave that detailed written report of the accident which the policy required. On December 8 the defendant acknowledged receipt of notice in a letter in which they said that they accepted it "subject to a full reservation of all our rights under the said policy." They would investigate and defend the claim, but "upon the distinct understanding that in so doing we do not waive any of our rights under the said policy by reason of your failure to give this Company immediate written notice of said accident." Eventually the defendant repudiated all liability because of the delay in giving notice.

The plaintiff and her husband were the only witnesses as to the extent of her injuries and of the degree to which they incapacitated her; but in addition the hospital records—particularly a daily record from the 20th of October until her discharge—were put in evidence which contain notes of her condition. These indicate no serious malady so far as laymen can see; they show complaints of dizziness, restlessness, and nausea for the first few days, but not thereafter, although she did continue to be sleepless, to have headaches and pain in the side, and her eyes always remained sensitive to light until

her discharge. On the other hand on nearly all days there is an entry that the patient was either comfortable, or "fairly" comfortable; and concededly her husband visited her not infrequently. The only question before us is whether upon this evidence the case should have been taken from the jury.

We do not distinguish between the phrase in the policy at bar, "as soon as practicable," and the more usual form, "immediate notice"; for the New York courts have uniformly construed the second, which is more peremptory than that before us, as requiring only "reasonable notice." Woolverton v. Fidelity & Casualty Co., 190 N.Y. 41, 48, 82 N.E. 745, 16 L.R.A.,N.S., 400; Greenwich Bank v. Hartford Fire Ins. Co., 250 N.Y. 116, 131, 164 N.E. 876. Moreover less time than that which here elapsed has been held to bar an action, Rushing v. Commercial Casualty Ins. Co., 251 N.Y. 302, 167 N.E. 450. Therefore the notice was not in season, unless the plaintiff could satisfy the jury that her injuries furnished an excuse for her delay. In the form in which it arose here, that question was not for the court, as the plaintiff argues. Apparently it is true in New York, if all the facts are undisputed, that the court will not leave to a jury, but will decide for itself, whether the delay has been "unreasonable." Bennett v. Lycoming County Mutual Ins. Co., 67 N.Y. 274; Carpenter v. German American Ins. Co., 135 N.Y. 298, 31 N.E. 1015; Greenwich Bank v. Hartford Ins. Co., supra, 250 N.Y. 116, 164 N.E. 876. Since that is not a matter of substantive law, these decisions are not indeed authoritative upon us, but we shall assume arguendo that we should find them persuasive, if the point had been presented. It did not however arise upon this record. When some excuse is offered for admitted delay, the question ordinarily has two aspects, one of which is certainly for the jury. For example it was necessary here first to decide what actually were the plaintiff's injuries, and how long they continued. Both she and her husband were highly interested witnesses, and it is absurd to argue that, because they were not contradicted, the jury was bound to accept their version implicitly; everyone in his senses would to some extent discount their account of her sufferings, unless they established themselves as persons of the most exceptional detachment. Until those sufferings and their duration were ascertained no question of law could conceivably emerge, and at the very least it lay upon the plaintiff to ask the judge either by instructions or by a special verdict to confine their findings, so that he could pass upon the validity of her excuse free and clear of all disputed facts. This she did not ask and that is enough to dispose of the case, even if the reasonableness of the excuse is a part of the court's duty to interpret a written contract.

But that is not all. It is true that, like other questions arising in the interpretation of such a contract, it might be a "question of law" after the degree of the insured's illness had been as exactly ascertained as is possible—and obviously no quantitative measurement of such a thing is possible—whether that much illness was an excuse for the delay. It would have been entirely consistent to take it away from the jury and impose it upon the court. On the other hand in cases of tort our law has again and again, mostly for historical reasons, treated such issues as questions of fact; all questions of negligence are of that sort, and so is it as to what facts put a man upon inquiry. The issue here was very closely like these, and certainly no New York decision gainsays us. We do not wish therefore to foreclose the possibility that even if the plaintiff had made such requests as would break out the bare question of the sufficiency of the excuse, the judge would have been wrong in sending that issue also to the jury.

Finally, it is perfectly clear that the defendant did not surrender—"waive" —its defense to this action by what it did in defending the action against Pines and the plaintiff, which resulted in the judgment against her. Its letter of December 8th which the plaintiff by her silent acquiescence accepted, protected the defendant. Weatherwax v. Royal Indemnity Co., 250 N.Y. 281, 165 N.E. 293.

Judgment affirmed.