On June 21, 1946, defendant issued a personal injury liability policy to plaintiffs. On December 31, 1946, an accident occurred which resulted in personal injuries and property damage. The policy required written notice of an accident as soon as practicable. On January 3, 1947, Schafft (one of the plaintiffs) gave oral notice by telephone to defendant’s agent. During that telephone conversation the agent told Schafft that plaintiffs were not covered for property damage. When the agent asked whether anybody had been hurt, Schafft replied that he knew of none. The agent then said that plaintiffs should wait and see further developments. Plaintiffs did not give written notice to defendant until November 28, 1947, two days after a third-party summons and complaint were served on them to recover damages for personal injuries and property damage arising out of the accident on December 31, 1946. Defendant refused to. defend on the ground of lack of coverage. On March 9, 1948, the action brought by the claimants was settled. The present action is brought to recover from defendant the amounts paid by plaintiffs in settlement of the personal injury claims and reasonable counsel fees incurred *1010 in defending the action. This is an appeal by defendant from a judgment entered on the verdict of a jury in favor of plaintiffs. Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs. Findings of fact implicit in the verdict' of the jury are affirmed. There is ample evidence in this record to support the findings of the jury (1) that the accident occurred before plaintiffs completed the work in the building in question; (2) that the $1,500 paid by plaintiffs was in settlement of the personal injury claims; and (3) that $1,000 was a reasonable counsel fee. However, the provision of the statute (Insurance Law, § 167, subd. 1, par. [e]) that notice given by the insured to any licensed agent of the insurer shall be deemed notice to the insurer does not exempt the insured from compliance with the provision of the policy that notice shall be in writing and as soon as practicable. (Weatherwax v. Boyal Ini,. Co., 250 N. Y. 281, 286.) The agent had no power to accept oral notice in substitution for the written notice required by the policy in view of the provision limiting the authority of the agent to waive compliance with its conditions and requiring that any waiver be indorsed on the policy. .The court charged that if the jury found that the agent disclaimed liability in the telephone conversation of January 3, 1947, there would be a waiver of the requirement of written notice. The evidence did not warrant a finding that the agent disclaimed liability. The only evidence was that Schafft told the agent that he knew of no personal injuries and the agent told him to wait for further developments. Johnston, Acting P. J., Adel, Sneed, Wenzel and MaeCrate, JJ., concur.