KANSAS CITY LIFE INS. CO. v. BOWNS.

No. 2496.

Circuit Court of Appeals, Tenth Circuit.

June 25, 1942.

Dan B. Shields, of Salt Lake City, Utah, for appellant.

Neil R. Olmstead and J. A. Howell, both of Ogden, Utah, (David L. Stine, of Ogden, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Kansas City Life Insurance Company issued its policy of insurance covering the life of Lavern D. Bowns. The policy contained a double indemnity provision in case of death resulting from bodily injury effected by external, violent, and accidental means but expressly excluded therefrom liability for death by self-destruction while sane or insane. The insured died while the policy was in force and effect; the company paid the primary sum; and the beneficiary instituted this action to recover under the double indemnity provision. The court instructed a verdict for plaintiff; judgment was entered accordingly; and the company appealed.

Ordinarily in a case of this kind the burden rests on plaintiff to adduce evidence establishing a prima facie case of death by accidental means. Carter v. Standard Acc. Ins. Co., 65 Utah 465, 238 P. 259, 41 A.L.R. 1495. But here plaintiff alleged death from bodily injury effected by external, violent, and accidental means; by answer the company admitted that it resulted from external and violent means; and plaintiff was therefore relieved of the burden of proof.

The company tendered certain testimony tending to prove that the insured committed suicide. The court excluded the testimony, and error is assigned upon that action. The policy was issued in 1924. Section 1171, Compiled Laws of Utah, 1917, in force and effect at that time, provided that the suicide of an insured after the first policy year should not be a defense against the payment of a life insurance policy, whether

such suicide was voluntary or involuntary and whether the insured was sane or insane. That provision has application; it cuts off the defense of suicide, even though committed while sane; and therefore the tendered testimony was properly excluded. Carter v. Standard Acc. Ins. Co., supra; Continental Casualty Co. v. Agee, 8 Cir., 3 F.2d 978, certiorari denied 269 U.S. 552, 46 S.Ct. 17, 70 L.Ed. 407; Ætna Life Ins. Co. of Hartford, Conn., v. Wertheimer, 10 Cir., 64 F.2d 438.

■ The insured died in 1941. Section 1171, supra, was amended in 1931, by adding thereto a proviso in which it was provided "that this section shall not apply to policies insuring against death by accident only, nor to the accident or double indemnity provisions of an insurance policy, but in any action involving such a policy the burden of proving that death was the result of suicide shall be upon the insurer." Section 43-3-28, Revised Statutes of Utah 1933. The company seeks to invoke the benefits of the proviso. But the policy in suit was issued and became a binding contract long before the statute was amended, and the amended statute fails to indicate by language or otherwise a legislative intent that it should operate retrospectively. It is the general rule in Utah, as elsewhere, that a statute will be construed as prospective only, unless it appears from the words used or in some other manner that the legislature meant it to operate retroactively. Farrell v. Pingree, 5 Utah 443, 16 P. 843; Mercur Gold Mining & Milling Co. v. Spry, 16 Utah 222, 52 P. 382; Spanish Fork Westfield Irr. Co. v. District Court of Salt Lake County, 99 Utah 527, 104 P.2d 353. The proviso has no application to a policy which was in force and effect prior to its enactment.

■ The company further contends that the whole statute is merely procedural and therefore the benefits of the proviso may be invoked, even though the policy was in force at the time the amendment became effective. But the statute is not merely procedural. It is substantive. And section 1171, supra, as it existed at the time of the issuance of the policy, became a constituent element of the contract itself to the same effect as though it had been written therein, and it had the effect of nullifying and expunging from the policy the inconsistent provision therein relating to non-liability for death resulting from self-destruction. Knights Templars' & Masons' Life Indemnity Company v. Jarman, 187 U.S. 197, 23 S.Ct. 108, 47 L.Ed. 139; Modern Brotherhood of America v. Lock, 22 Colo.App. 409, 125 P. 556.

The judgment is affirmed.