### BOYD v. BELL et al.

District Court, S. D. New York.

June 29, 1945.

Abraham L. Pomerantz, of New York City (I. Gainsburg and Samuel Gottlieb, both of New York City, of counsel), for plaintiff.

Gerald J. Dean, of New York City, for defendant Northeastern Water Co.

BRIGHT, District Judge.

The defendant, Northeastern Water Company, asks an order requiring plaintiff to give security in the sum of $5,000 in accordance with section 61-b of the General Corporation Law of the State of New York, Consol.Laws N.Y. c. 23.

This is a derivative action, brought by plaintiff as stockholder of Northeastern, a Delaware corporation, against that company, the individual defendants, its directors, and the Tidebel Company, for an accounting and other relief, it being alleged that in December 1943, Northeastern owned 11,000 shares of preferred stock of the Tide Water Power Company, that the said directors in that month entered into a conspiracy to cause Northeastern, for an inadequate consideration, to transfer said stock to the defendant Bell, in order to enable him to profit therefrom, at the expense of Northeastern. It is further alleged that in that same month, Bell organized the Tidebel Corporation, all of whose voting common stock has been and still is owned, directly or indirectly, by Bell, and to whom the Tide Water stock was transferred, that the true nature of the transaction was fraudulently concealed from

Northeastern's stockholders, and, as a result, Bell has been enabled to become a director and officer of Tide Water and to receive substantial salaries, fees and other emoluments from it, for all of which plaintiff has no adequate remedy at law.

Plaintiff is the record holder of two shares of $4 prior preferred stock of Northeastern, which has presently outstanding 247,611 shares of common stock, 48,652 shares of $2 preferred, and 57,858 shares of $4 preferred stock. The moving affidavit states that the value of plaintiff's two shares is less than $50,000. Under the charter of Northeastern, its directors shall be indemnified by their corporation against any costs and expenses which may reasonably and properly be imposed upon them in connection with any action in which they may be named as defendants, by reason of any action taken or omitted by them, as officer or director, exclusive of costs or expenses incurred in relation to matters as to which they shall be finally adjudged in such action to be liable for negligence or misconduct in the performance of duty. The power so to provide in the charter is conferred by section 2 (section 2034) of chapter 65 of the Revised Code of Delaware, 1935.

Plaintiff opposes on the grounds, (1) that the provisions of the New York law are inapplicable to suits in federal courts, being procedural and not substantive; (2) if substantive and applicable, are unconstitutional, being in contravention of the 5th and 14th amendments and Article 1, § 10, of the Constitution of the United States; and (3) if said section is substantive and constitutional, in view of the clear culpability of the defendants in the matters criticized in the complaint, the relief sought should not equitably be granted.

This action was commenced on April 20, 1945. Two days before that, the provisions of the General Corporation Law relating to reimbursement of directors, officers and employees of corporations for expenses incurred in connection with the defense of actions such as this, were, to some extent changed, and, in part, were embodied in a new article to be known as Article 6-A Laws of 1945, chapter 869. Section 61-b was amended, but only in respect to changing the section previously therein referred to, from 61-a, as it was when enacted, to section 64. As so amended, it read at the time of the commencement of this action:

"§ 61-b. Security for expenses. In any action instituted or maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates, unless the shares or voting trust certificates held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive."

Section 64 therein referred to, provides, in substance, that any person made a party to any such action by reason of the fact that he, his testator, or intestate, is or was a director, officer or employee of a corporation, shall be entitled to have his reasonable expenses, including attorneys' fees, assessed against the corporation, at the request of which he served as such director, officer or employee, upon court order, in the manner, and to the extent provided by subsequent sections of Article 6-A, except in relation to matters as to which it shall be adjudged in such action that such officer, director or employee is liable for negligence or misconduct in the performance of his duties.

The first question is whether section 61-b is substantive or procedural.

■ The right of the stockholder to bring a derivative action to right wrongs allegedly caused by directors or officers of a corporation of which he is a stockholder, is not a creature of statute, and it has existed independently of any statute for a great many years. Brinckerhoff v. Bostwick, 88 N.Y. 52, Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827.

It is pretty well conceded in the decisions upon the subject of whether a matter is substantive or adjective, that is procedural, that the line between them is very hazy. A definition applicable in all cases would be impossible. No better illustration of that can be given than appears from the very recent decision of the United States Supreme Court in Guaranty Trust Co. v. York, 65 S.Ct. 1464. Attempts at definition have been made. Thus, in Holland on Jurisprudence, 13 Ed., it is said at page 90 that law "defines the rights which it will aid, and specifies the way in which it will aid them. So far as it defines, thereby creating, it is 'Substantive Law.' So far as it provides a method of aiding and protecting, it is 'Adjective Law' or Procedure."

The test must be whether a rule really regulates procedure, the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them. Sibbach v. Wilson & Co., 312 U.S. 1, 14, 61 S.Ct. 422, 85 L.Ed. 479. One phrase in Mr. Justice Frankfurter's opinion in Guaranty Trust Co. v. York, 65 S.Ct. 1470, seems to point clearly to the distinction. "The question is whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether such statutory limitation is a matter of substance in the aspect that alone is relevant to our problem, namely, does it significantly *affect the result of a litigation* for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?" He further writes, 65 S.Ct. 1465: "State law cannot define the remedies which a federal court must give simply because a federal court in diversity jurisdiction is available as an alternative tribunal to the State's courts." A party's rights is substantive; the manner in which he gets them is procedural. Hardie v. Bryson, D.C., 44 F.Supp. 67–72.

So we find as substantive the law of a state relating to limitation of actions, Guaranty Trust Co. v. York, supra; as to burden of proof, Cities Service Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196; New York Life Ins. Co. v. Rogers, 9 Cir., 126 F.2d 784–788; Alcaro v. Jordeau, 3 Cir., 138 F.2d 767–770; Garrett v. Moore-McCormack Co., 317 U.S. 239–249, 63 S.Ct. 246, 87 L.Ed. 239; as to conflict of laws, Klaxon Co. v. Stentor, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; as to contributory negligence, Palmer v. Hoffman, 318 U.S. 109–117, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; Francis v. Humphrey, D. C., 25 F.Supp. 1–5; as to measure of damages and interest, Louisiana & A. R. Co. v. Pratt, 5 Cir., 142 F.2d 847, 848; Stentor Co. v. Klaxon Co., 3 Cir., 125 F.2d 820, 822, 824, certiorari denied 316 U.S. 685, 62 S.Ct. 1284, 86 L.Ed. 1757; right to hold stockholder liable to a creditor, Dexter v. Edmands, C.C.Mass., 89 F. 467–469; right to waive policy requirements, New York Life Ins. Co. v. Rogers, 9 Cir., 126 F.2d 784–789; that suicide after first policy year shall not be a defense in action upon policy, Kansas City L. I. Co. v. Bowns, 10 Cir., 129 F.2d 287–288; right to bring in joint tort feasor so that he may share liability in tort, Brown v. Cranston, 2 Cir., 132 F.2d 631–633, 148 A.L.R. 1178, certiorari denied 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698; and the parol evidence rule, Zell v. American Seating Co., 2 Cir., 138 F.2d 641–643, reversed 322 U.S. 709, 64 S.Ct. 1053, 88 L. Ed. 1552.

These cases all emphasize as substantive rules and law which clearly have a bearing upon the direction in which judgment will go, in the result of the litigation. Here section 61-b can have no such bearing. It does not bear in any way upon the merits. Whether the security required was given, or not asked, the determination of the merits would not be in any way affected. Plaintiff would still be granted or denied relief depending upon the proof, and not upon compliance with the statute.

Contrasted to this are the cases illustrating procedural or adjective requirements, such as the manner of commencing action, Eley v. Gamble, 4 Cir., 75 F.2d 171–172; the right to recover is substantive, how to proceed is procedural, Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32–36; admissibility of statements of insured, Pollack v. Metropolitan L. I. Co., 3 Cir., 138 F.2d 123–125; whether court or jury shall decide if delay in giving notice of accident is unreasonable, where facts are undisputed, Zauderer v. Continental Casualty Co., 2 Cir., 140 F.2d 211–214; right of stockholders to purchase stock of petitioning stockholder holding less than 10% of stock, Galdi v. Jones, 2 Cir., 141 F.2d 984—

992; and the right of arbitration, Hunkin-Conkey Const. Co. v. Penn. T. Com'n, D. C., 34 F.Supp. 26–29.

The right of this court to grant relief to stockholders in an action of this kind, on proper evidence, is clear. Such right to proceed here cannot be enlarged by a state statute. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763, and vice versa cannot be prohibited or restricted. Homewood v. Standard Power & Light Corp., D.C., 55 F.Supp. 100–102. We doubtless may, and probably must, enforce a state statute creating a substantive equitable right; but a procedural state statute, which I consider section 61-b to be, cannot affect our right to proceed. Tower Hill-Connellville Coke Co. v. Piedmont Coal Co., 4 Cir., 64 F.2d 817–828, certiorari denied 290 U.S. 675, 54 S. Ct. 93, 78 L.Ed. 582.

This conclusion renders unnecessary a consideration of the other two objections of the plaintiff.

The motion is denied.