## BRUCE & CO. v. BOTHWELL et al.

United States District Court
S. D. New York.

Nov. 12, 1947.

See also 8 F.R.D. 45.

Louis W. Vyner, New York City (Pomerantz, Levy, Schreiber & Haudek, by Leonard I. Schreiber, New York City, of counsel), for plaintiff.

Joseph E. Kinsley, New York City, for defendant Haslett.

Breed, Abbott & Morgan, New York City (Charles H. Tuttle, William L. Hanaway, Stoddard B. Colby, and John R. Brook, New York City, of counsel), for defendant Gulf Oil Corporation.

CONGER, District Judge.

Motions by defendants, Gulf Oil Corporation and Elmer Haslett to dismiss the complaint upon the grounds (1) improper venue, and (2) failure to comply with Rule 23(b), F.R.C.P., 28 U.S.C.A. Defendant Haslett moves, in addition, to dismiss for failure to state a claim upon which relief can be granted.

Section 112[1] of Title 28, U.S.C. A., provides that where jurisdiction is founded solely on diversity, "* * * suit shall be brought only in the district of the residence of either the plaintiff or the defendant. * * *" The exception therein with respect to stockholder's derivative actions is not applicable here. The Supreme Court, in Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct.

[1] 1948 Revised Judicial Code, 28 U.S.C.A. § 1391.

153, 84 L.Ed. 167, 128 A.L.R. 1437, has held that a designation by a foreign corporation of an agent upon whom service of process can be made in a State is a consent to be sued in the federal courts of that State. The defendant, Gulf, has filed such a designation, and is, therefore, sued in the proper district. The fact that the action takes the form of one in behalf of the corporation has no significance.

Section 113 [2] of Title 28, U.S.C.A. provides that " * * * if there are two or more defendants, residing in different districts of the State, * * * " suit may be brought in either district. The effect of the Neirbo case has been to make foreign corporations who have filed designations "residents" of the State for venue purposes in diversity cases. See Moss v. Atlantic Coast Line R. Co., 2 Cir., 1945, 149 F.2d 701. It follows, therefore, that if the Gulf Oil Corporation is a "resident" of the State within the meaning of § 112, it is a "resident" of the Southern District of New York, where it maintains its principal office, within the meaning of § 113.

The defendant, Haslett, is a resident of the Eastern District of New York. Under § 113, he might be sued in his own district or in the district of the residence of defendant, Gulf. The latter alternative has been taken; and the defendant, Haslett, is properly before this Court.

Rule 23(b) of the Federal Rules requires, among other things, that " * * *

The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

The complaint contains no allegation with respect to plaintiff's attempts to secure action from the shareholders, or no reason why such efforts were not made. The plaintiff's argument that such action would not be practicable because of the numerous shareholders scattered throughout the country, even if valid, is not set forth in the complaint, but rather is contained in his brief. The law is clear that the necessary allegations must be made. See Moore's Federal Practice, § 23.05, page 2269, and cases cited.

The motion to dismiss for failure to comply with Rule 23(b) is granted with leave to amend within 20 days after service of the order on this decision with notice of entry, and the motions directed to the venue are denied.

It is unnecessary to consider Haslett's motion under Rule 12(b) (6).

Settle order.

---

[2] 1948 Revised Judicial Code, 28 U.S.C.A. § 1392.