DONOVAN v. QUEENSBORO CORPORA-
TION et al.

C. No. 8120.

District Court, E. D. New York.

Nov. 17, 1947.

Breed, Abbott & Morgan, by Charles H. Tuttle, all of New York City, for defendants, for the motion.

Clark & Reynolds, by Edward F. Clark, all of New York City, for plaintiff.

INCH, District Judge.

This is a motion to dismiss an amended complaint, pursuant to Sec. 37 of the Judicial Code, 28 U.S.C.A. § 80, and Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and as an alternative to the above relief, the plaintiff be required pursuant to the provisions of Secs. 61-b and 64 of the General Corporation Law of the State of New York, Consol.Laws, c. 23, to give to the defendant, Garden Housing Corporation, security in the amount of $50,000, for the reasonable expenses, including attorneys fees, which may be incurred by said defendant, and by the other parties defendant, in connection with the within action, for which said Housing Corporation may become subject. No answer has, as yet, been filed.

To dismiss a complaint in a summary manner should always make a court hesitate and only act after all the undisputed facts to justify such a step have been carefully considered. The facts must be found from the briefs and affidavits submitted.

Briefly stated, it appears that plaintiff is a stenographer in the office of the attorneys who now appear for her. Her correct name is Margaret Fitzsimmons, she having married, which fact was not known to the attorneys who employed her at the time the suit was commenced. It seems to me that this makes no material difference and I shall continue to refer to her as Don-

ovan. She is a citizen of New Jersey, and so are both Clark and Reynolds, the attorneys employing and representing her. The defendants are citizens of the State of New York.

The legal title of a Voting Trust Certificate is in plaintiff's name and has been since December 1, 1942. This came about as follows: In 1940, Mr. Clark, of the predecessor firm of Clark, Reynolds and Hinds, had a client named Thomas, who owed the firm for legal services. Hinds assigned his interest in this claim to the present firm, Clark and Reynolds, and they assigned it to a stenographer in their firm, Leah G. Sheppard, for the purpose of suing Thomas. The suit was successful and at a sheriff's sale certain certificates owned by Thomas were bid in for Miss Sheppard for $100, thus vesting the legal title in her. Leah G. Sheppard was a resident of the State of New York. On or about December 1, 1942, Miss Sheppard left the employ of these attorneys and they then transferred the legal title of this Voting Trust Certificate to plaintiff, another stenographer, the said Donovan, and a new certificate was thereupon duly issued in her name under the date of December 1, 1942.

Counsel for defendant asserts that Donovan is plainly nothing but a dummy-plaintiff, and that this transfer of the certificate from Sheppard to Donovan was made solely to create diversity of citizenship to enable an action to be brought in this federal court. Said counsel therefore now urges that under Sec. 37 of the Judicial Code and Rule 23(b) of the Federal Rules of Civil Procedure, the facts show that Donovan is only a nominal plaintiff and has been improperly or collusively made such a plaintiff. Williams v. Nottawa, 104 U.S. 209, 26 L.Ed. 719; Lake County Commissioners v. Dudley, 173 U.S. 243, 19 S.Ct. 398, 43 L.Ed. 684; Benedict v. Seiberling, D.C., 17 F.2d 841. This is denied by counsel for plaintiff, and as I am confined to the facts before me, it seems to me to be a difficult thing to consider this transfer to Donovan a mere device by which to get into this federal court.

In the first place, Donovan has been a bona fide resident of New Jersey for several years, as are both of her attorneys who have the beneficial interest in the certificate. Also this transfer took place in December 1942, long before the commencement of this action on May 24, 1947. To be sure certain comment is made on written statements of plaintiff which indicate the prior seeking of information, etc., about the defendants, but I cannot find on the facts here that Donovan was made a plaintiff in this suit improperly or collusively as suggested by counsel for the defendant. That she is not a trustee of an express trust and is but a nominal plaintiff is plain, as shown by the fact that the certificate was taken away from Sheppard, the other stenographer, and placed in Donovan's name, another stenographer, and apparently can be retransferred at will. Yet, while I doubt that Donovan has any financial interest of her own, I feel that if there is merit in the various causes of action set forth in the amended complaint, as to which I say nothing, this court should not dismiss in this summary manner this complaint on the grounds now urged by defendant. That portion of the motion is therefore denied.

■ This brings us to the alternative relief asked, which is made the basis for an inference in support of the first part of the motion in the form of a reason for making Donovan a plaintiff, and thus alleging diversity of citizenship, which I have already decided adversely to the defendant. In this regard, I must also say that if this state law creates a hardship on plaintiff and a protection to defendant, which counsel for plaintiff wishes to avoid by the device of having Donovan a plaintiff, it should be borne in mind that this state law did not come into existence until 1944, as amended in 1945, and that Donovan was the legal owner of the certificate in 1942. This action was not commenced until May 24, 1947, so that any such inference seems to be without foundation.

We are not concerned with the claim of the counsel for plaintiff that this state law is unconstitutional, or, as they also put it, will not long remain on the statute book of the State. The fact is that it is there, and also is said to be there for a very important reason and in effect at the present time, represents the policy of the State of New York for the protection of its citi-

zens. This law is found in Sections 61b, 64 and 67 of the General Corporation Law of the State of New York, McKinney's Company Laws of New York, Ann. Book 22, pocket part, 1947.

In substance, in an action of this kind here, it gives the right to a defendant to require the plaintiff to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with said action, and by the other defendants for which it may become subject.

This court is not without difficulty in considering whether or not this state law is applicable in this federal action. However, certain authorities throw light upon the subject. In June 1945, Judge Bright of the District Court, Southern District of New York, in the case of Boyd v. Bell, 64 F.Supp. 22, held that this law is a "procedural" law and cannot affect the right of the Federal District Court to proceed in a stockholders derivative action where diversity of citizenship has been established.

However, in November 1945, Judge Leibell in the case of Craftsman Finance & Mortgage Co. Inc. v. Brown, D.C., 64 F. Supp. 168, 178, held that, whether Federal Court, in a diversity action, shall follow the state Supreme Court in applying this requirement as to security "rests in the sound discretion of the Federal Judge." These are the only federal cases I have found in the federal court.

Assuming, therefore, that this state law is, to some extent, procedural, I am satisfied that it also does represent an important protection to citizens of the State of New York and is the policy of the State of New York, the application of which rests in the judicial discretion of the federal judge.

Apparently in regard to the argument that this statute is merely a procedural matter, the Court of Appeals of the State of New York (opinion of Judge Lehman, Ch. J.), Shielcrawt v. Moffett, 294 N.Y. 180, decided at page 190, 61 N.E.2d 435, 439, 159 A.L.R. 971: "The statute we are considering differs from such purely procedural statutes, both in purpose and effect." The opinion then goes on to express an important difference. It plainly indicates a defi-nite policy for the protection of defendant residents of the state and, "creates a remedy for a wrong for which previously there was no remedy."

Moreover, Rule 45, of this Federal District Court provides that, "whenever a procedural question arises which is not covered by the provision of any statute of the United States or of the Federal Rules of Civil Procedure * * * the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied."

Recently it has been plainly indicated by the Supreme Court of the United States that discrimination against citizens of a State should be avoided, where possible, in the use of diversity of citizenship actions. I refer for this principle, although the facts in that case are different, to the case of Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 662, (decided February 17, 1947); Mr. Justice Frankfurter writing for the court states: "What is more important, diversity jurisdiction must follow State law and policy. A federal court in North Carolina, when invoked on grounds of diversity of citizenship, cannot give that which North Carolina has withheld."

Accordingly, I decide that this Federal Court can and should avail itself of this policy of the State of New York in regard to the giving of security, provided facts appear to justify the requirement of such security.

 The defendants request a bond in the sum of $50,000. Here we have a plaintiff holding about 2% of the outstanding stock of the defendants. It apparently intends to litigate many transactions by or on behalf of defendant since 1938. It is not disputed that all of these transactions have been affirmatively approved by all of the defendants certificate holders other than plaintiff and one other holder of five shares. The value of the plaintiff's holding comes exactly within the purpose of this policy of the State of New York. There is also a fair indication that the expense of gathering evidence, possibly experts, as well as attorneys and counsel fees, in providing a successful defense in this action, as well as liability to other defendants, may amount to a very substantial sum.

134

In my opinion, on the facts before me, security in the sum of $50,000 is not excessive or unreasonable. Accordingly, the motion to dismiss the complaint is denied. The motion to compel the plaintiff to furnish security in the sum of $50,000 is granted.

Settle order on notice.