ASPINOOK CORPORATION v. BRIGHT, District Judge.

Docket No. 20825.

Circuit Court of Appeals, Second Circuit.

Dec. 30, 1947.

Writ of Certiorari Denied March 8, 1948.

See 68 S.Ct. 664.

Joseph R. Kelley, of New York City (Swiger, Chambers, Kelley & Harragan, Thomas F. Daly, and Arthur D. Brennan, all of New York City, and Bleakley, Platt, Gilchrist & Walker and William F. Bleakley, all of White Plains, N. Y., on the brief), for petitioner.

Milton Paulson, of New York City (Gloria Agrin, of New York City, on the brief), for respondent.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

Judge Bright's refusal of the substantial costs bond provided for corporations in shareholders' derivative actions by the state

statute passed in 1944, N. Y. General Corporation Law, § 61-b, was based upon the conclusion stated by him in Boyd v. Bell, D.C.S.D.N.Y., 64 F.Supp. 22, that the act was procedural in nature and could not restrict a substantive right to relief of federal cognizance through the diverse citizenship of the parties. Other district judges have similarly ruled. Craftsmen Finance & Mortg. Co. v. Brown, D.C.S.D.N.Y., 64 F. Supp. 168 (Leibell, J.); Cohen v. Beneficial Indus. Loan Corporation, D.C.N.J., 7 F.R.D. 352 (Smith, J.); see also Shielcrawt v. Moffett, 184 Misc. 1074, 56 N.Y.S.2d 134. When recently we held Judge Bright's order not immediately appealable, the petitioner sought this writ on the ground that otherwise it would be without remedy. But we do not think this is the "extraordinary cause" for which this remedy is reserved, Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, or a case of "usurpation of power, [where] 'the lower court is clearly without jurisdiction,'" instead of "a mere error in the exercise of conceded judicial power," as defined in Ward Baking Co. v. Holtzoff, 2 Cir., 164 F.2d 34, 36. These cases, together with Bank Line v. United States, 2 Cir., 163 F.2d 133, all refusing the writ, show circumstances of at least as much, if not greater, potential loss of rights or position as is here indicated. The first involved an order for the immediate payment of substantial counsel fees in a shareholders' action; the second was a denial of a claim of lack of jurisdiction because of recent portal-to-portal pay legislation; and the third was an order of disclosure of asserted Navy secrets. Here, if after final judgment either party appeals to this court, full review and protection of the parties can be afforded; only in the single instance where judgment goes against the suing plaintiffs and they choose not to appeal will there be the chance of the corporation suffering loss because of its statutory duty, N.Y. General Corporation Law, § 64, to reimburse its officers for their expenses in winning. Such burdens accompanying success in litigation are of course usual in our jurisprudence; there seems no occasion to call into play this extraordinary remedy, and thus invite continued resort to it for various and sundry steps preliminary to trial which a litigant finds expensive or otherwise disturbing. Certainly we should not act in a case where the legal right is clouded in so much doubt as is here indicated. See the cases cited supra and the discussion in the Advisory Committee's note to Federal Rules of Civil Procedure, Rule 23, Report of Proposed Amendments to Rules of Civil Procedure, June, 1946, 28, 29, also suggestions of unconstitutionality in Zlinkoff, The American Investor and the Constitutionality of Section 61-b of the New York General Corporation Law, 54 Yale L.J. 352, and articles by Mr. Hornstein in 32 Calif.L.Rev. 123 and 47 Col.L. Rev. 1.

Petition denied.

FRANK, Circuit Judge (concurring).

I concur in the result but I reach it by another road.

The avowed purpose of the New York statute is this: Should plaintiffs, in a case like this, after a trial, lose on the merits, the defendant corporation, which will then be obligated to pay its officers their expenses incurred in the defense of the suit, is to be able to collect those expenses by recourse to the security given by plaintiffs. Our previous rejection (from which I dissented) of the appeal from the district court's order refusing to require plaintiffs to give that security, plus a rejection, not on the merits, of the present mandamus petition, may, then, have this unfortunate result: If plaintiffs, having lost the suit, should fail to appeal (perhaps because they consider their case hopeless), then, if the New York statute binds the federal courts, the defendant company, which will not be able to collect the expenses for which it will be obligated to its officers, will suffer an irreparable loss through an unreviewable erroneous order of the district court.

Therefore, as we have rejected the appeal from that order, I think we should now consider on the merits the issue presented by the petition. I have done so. I think we should deny the petition on the ground that Judge Bright's order was correct because, as he held, the New York statute is "procedural" so far as the federal courts are concerned. I agree sub-

stantially with his reasoning in Boyd v. Bell, D.C., 64 F.Supp. 22. See also Craftsman Finance & Mortg. Co. v. Brown, D.C. N.Y., 64 F.Supp. 168, 178, 179; Cohen v. Beneficial Indus. Loan Corporation, D.C. N.Y., 7 F.R.D. 352; cf. Piccard v. Sperry Corporation, D.C.N.Y., 36 F.Supp. 1006, 1009, 1010, affirmed 2 Cir., 120 F.2d 328; Galdi v. Jones, 2 Cir., 141 F.2d 984, 992.