**STELLA et al. v. KAISER et al.**

United States District Court
S. D. New York.

Dec. 2, 1948.

Lewis M. Dabney, Jr., of New York City (Anderson & Carew and Isador H. Cohen, all of New York City, of counsel), for plaintiffs.

Willkie, Owen, Farr, Gallagher & Walton, of New York City (Mark F. Hughes, of New York City, of counsel), for defendant Kaiser-Frazer Corporation.

KAUFMAN, District Judge.

This is a motion for an order requiring plaintiff to give security in the sum of $55,000 for the reasonable expenses, including attorney's fees, which may be incurred by defendants in connection with the defense of this suit, which is brought by a stockholder on behalf of the nominal defendant Kaiser-Frazer Corporation. New York General Corporation Law, Consol. Laws, c. 23, § 61-b.

The plaintiff is the owner of twenty shares—slightly less than one/two-thousandths of one per cent.—of the issued and outstanding shares of stock of Kaiser-Frazer Corporation, the market value of which does not exceed $270.00. Ten individuals, all of whom are directors of the corporation, are also named as defendants, and are charged with violation of certain provisions of the Securities Act of 1933,

15 U.S.C.A. § 77a et seq., and of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq. Judge Leibell has held that the complaint states a claim under the aforementioned Acts. D.C., 82 F.Supp. 301.

It should be noted that there is a conflict in the decisions as to whether the requirements of Section 61-b of the New York General Corporation Law are "substantive" or "procedural". In this Circuit the District Courts have held the statute to be "procedural", Boyd v. Bell, D.C., 64 F. Supp. 22; Craftsman Finance & Mortgage Co., Inc., v. Brown, D.C., 64 F.Supp. 168; Donovan v. Queensboro Corporation, D.C., 75 F.Supp. 131; and see the concurring opinion of Judge Frank in Aspinook Corporation v. Bright, 2 Cir., 165 F.2d 294, 295; while in a recent decision the Court of Appeals for the Third Circuit has held a similar New Jersey statute to be "substantive". Cohen v. Beneficial Industrial Loan Corp., 170 F.2d 44. The disposition of this motion however does not necessitate a ruling on that point, for whether Section 61-b be considered "substantive" or "procedural" it is not applicable in this case.

A contention that Section 61-b is relevant to this case would have to be based on one of two theories: (1) That the statute creates "substantive" rights and therefore the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is applicable, or (2) that the statute is "procedural", in which event local Rule 34 of the Civil Rules of this District Court is applicable.

■ Assuming that the New York statute creates a "substantive" right under the state law, the Erie doctrine would not require federal courts to apply it because it is only in diversity cases that a federal court will apply the substantive law of the state in which it sits. The jurisdiction of this court in this suit is not based on diversity of citizenship, but rather on rights created under federal statutes. Under these circumstances it is clearly settled that the state law is not applied. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743, 162 A.L.R. 719.

Assuming the New York statute is procedural, our Civil Rule 34, enacted pursuant to the provisions of Rule 83 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

"Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States shall be applied; or in default thereof in the discretion of the court, the procedure which shall then prevail in the Supreme Court of the State of New York may be applied."

■ [2] It is apparent from a reading of this Rule that before this court in its discretion may apply the procedure of the state courts, the other specified sources must fail to furnish parallels or analogies.

The complaint in this suit charges the defendants, among other things, with the violation of Section 9(a) (2) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78i(a) (2). Section 9(e) of the Act of 1934, 15 U.S.C.A. § 78i(e), contains the following provision on the subject of security:

"Any person who willfully participates in any act or transaction in violation of subsection (a), (b), or (c) of this section shall be liable to any person who shall purchase or sell any security at a price which was affected by such act or transaction, and the person so injured may sue in law or in equity in any court of competent jurisdiction to recover the damages sustained as a result of any such act or transaction. In any such suit the court may, in its discretion, require an undertaking for the payment of the costs of such suit, and assess reasonable costs, including reasonable attorneys' fees against either party litigant. * * *"

■ It thus appears that there is a "statute of the United States," which deals with the subject of security relating to the precise subject matter of this action. While it is true that the subsection quoted may not have been enacted with stockholders' derivative suits in mind, and thus may not fit precisely the situation here, yet it is evi-

dent that the subsection furnishes some parallels and analogies which can guide the court in ascertaining whether or not security should be furnished. Under these circumstances the provisions of the state statute should not govern, even assuming it to be "procedural".

In view of the fact that this motion was based on Section 61-b of the New York General Corporation Law, the motion will be denied without prejudice to a renewal thereof based on the provisions of Section 9(e) of the Act of 1934, 15 U.S.C.A. § 78i(e). Settle order on notice.