## VARANELLI v. WOOD et al.

United States District Court
S. D. New York.
March 25, 1949.

Jay H. Kanarek, of New York City, for plaintiff.

Simpson, Thacher & Bartlett, of New York City (John F. MacLane, Benjamin C. Milner, 3d, and Richard M. Dicke, all of New York City, of counsel), for defendant Sears, Roebuck & Co.

Sullivan & Cromwell, of New York City (Edward H. Green, Eustace Seligman, and Inzer B. Wyatt, all of New York City, of counsel), for defendants John M. Hancock and S. J. Weinberg.

GODDARD, District Judge.

These two motions, (1) by defendants, John M. Hancock and S. J. Weinberg, to dismiss the complaint for failure to comply with Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; and (2) by defendant, Sears, Roebuck and Co., to require, pursuant to Section 61-b of the New York General Corporation Law, the plaintiff to furnish security for the reasonable expenses including attorneys' fees which have been and may be incurred in connection with the action.

The action is a stockholder's derivative suit against the officers, directors of Sears, Roebuck and Co. [hereinafter referred to as Sears], and others, for the recovery of alleged waste and diversion of its assets. The action was commenced on December 3, 1948. Jurisdiction is based on diversity of citizenship, the plaintiff being a citizen of Connecticut; Sears, a New York corporation, and the remaining defendants citizens of States other than Connecticut. The plaintiff alleges that he is and has been since 1938 the holder of 380 shares of the company's stock. Sears has presently outstanding 23,634,205 shares of common stock so that the plaintiff owns about 1/2000th of one (1%) percent of the outstanding shares. Plaintiff first appeared as a stockholder in January, 1937, although he was in its employ from April 3, 1931, to January 22, 1943.

The part of Section 23(b), F.R.C.P., which is material to the present inquiry, provides—

"* * * The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

The complaint alleges—"That no demand upon the present Board of Directors of Sears to bring an action for the relief herein sought is necessary for the following reasons. Most of the directors involved in the wrongdoings set forth herein, or the greater part of said wrongdoings, are still directors and constitute a majority of its Board; Defendant Wood, with the collabo-

ration of defendant Lessing Rosenwald has dominated and controlled and still dominates and controls the Board of Directors of Sears. To have requested said Board of Directors of Sears to bring action to redress the wrongs herein complained of, would in effect have been a request that said defendant directors bring suit against themselves. Thus, any demand upon Sears to bring action in respect of the matters herein complained of would be wholly useless and futile." However, the complaint contains no allegation of any effort to secure from the shareholders the action he desires and there is no reason given for his failure to obtain such action nor for not making such effort. There is no allegation that the directors owned or controlled a majority of the stock.

Section 23(b) requires that before an individual shareholder shall institute and conduct litigation in behalf of the corporation he shall satisfy the court that he has exhausted all reasonable means to obtain within the corporation itself the desired action—action by the directors, and if that is refused or useless, then by the shareholders themselves.

█ In my opinion the complaint fails to meet the requirements of Rule 23(b) and should be dismissed with leave to amend. Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827; Heinz v. National Bank of Commerce in St. Louis, et al., 8 Cir., 237 F. 942; Bruce & Co. v. Bothwell et al., D.C.S.D. N.Y.1947, 9 F.R.D. 183, decision of Conger, J.; Bruce v. Bothwell et al., 8 F.R.D. 45, and cases therein cited; Abraham et al. v. Parkins et al., D.C., 36 F.Supp. 238.

The defendant Sears' motion is to require the plaintiff to post security for costs and counsel fees pursuant to Section 61-b of the General Corporation Law of New York.

The complaint alleges four causes of action seeking a recovery in the aggregate of some $70,000,000.

The First cause of action attacks four stock purchase plans created by Sears between 1933 and 1940, and alleges that these plans allowed certain officers and employees of Sears to purchase stock at a price substantially less than the prevailing market price at the time of the exercise of the option, all to the benefit of the individuals and to the detriment of Sears.

The Second cause of action attacks an Employees Profit Sharing Plan established by Sears in 1916. The attack on this plan is founded upon the manner and method of operation of the plan by the officers.

The Third cause of action attacks a Supplemental Retirement Plan.

The Fourth cause of action attacks a Settlement Agreement between Sears, and the estate of a substantial shareholder and former officer of Sears.

From the moving affidavit of defendant Sears, it appears that the plans described in the "First," "Second" and "Third" causes of action were approved and ratified by a majority of the shareholders prior to their becoming effective, but the plaintiff claims the approvals and ratifications were based upon misrepresentations.

The moving defendant urges that there are several sound defenses to the suit but the expense of preparing the case for Sears and the other defendants and for counsel fees will be unusually large and are likely to reach $150,000 and that Section 61-b of the General Corporation Law of New York must be applied by the Federal District Court in New York because the said statute is substantive and must be applied under Erie Railroad Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L. R. 1487. The defendant further contends that if this court is of the opinion that the New York statute is not substantive, it should apply it under Rule 34[1] of the local Civil Rules of the District Court for the Southern District of New York, and in the absence of either of the above premises the

---

[1] "Rule 34—Procedure in Absence of Rule

"Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies

court should, in accordance with its inherent power, require security in the case at bar.

There have been two decisions in this district upon motions to require plaintiff to post security pursuant to Section 61-b. Boyd v. Bell et al., D.C., 64 F.Supp. 22, in which Judge Bright held that Section 61-b was a "procedural law" and cannot affect the right of the Federal District Court to proceed in a shareholders derivative action and declined to require security; and Craftsman, Finance & Mortgage Co., Inc. v. Brown, et al, D.C., 64 F.Supp. 168, in which Judge Leibell refused to require security pursuant to Section 61-b.

The Court of Appeals for this Circuit has not passed directly upon the question, but in Aspinook Corporation v. Bright, 2 Cir., 165 F.2d 294, certiorari denied 333 U. S. 846, 68 S.Ct. 664, motion for writ of mandamus denied 333 U.S. 840, 68 S.Ct. 654, which held that mandamus could not be used to compel a district judge to require security, Judge Frank, in a concurring opinion, wrote that he was substantially in accord with Boyd v. Bell, supra, and of the opinion that the statute [Section 61-b] was merely procedural. But it may be observed that Judge Frank did not refer to Angel v. Bullington, 330 U.S. 183, 67 S. Ct. 657, 662, 91 L.Ed. 832.

In Angel v. Bullington, supra, the Supreme Court of the United States had before it a state statute outlawing deficiency judgments on foreclosures of mortgages or deeds. The suit was originally brought in the state court of North Carolina which refused to entertain jurisdiction of the case on the ground that the state statute precluded it from entertaining an action for a deficiency judgment. Bullington did not seek to review in the Supreme Court of the United States the state court decision but instead he sued Angel for the deficiency in the United States District Court for the Western District of North Carolina. Angel pleaded in bar the judgment in the North Carolina action. Bullington was successful in the District Court as well as in the Court of Appeals; the Supreme Court reversed.

Both the language and reasoning of the controlling opinion in Angel v. Bullington, supra, seem to lend great weight to the proposition that the Federal District Court must apply a state statute expressing the public policy of the state regardless of whether the particular statute be considered substantive or procedural. This contention is further strengthened by the fact that in the majority opinion Mr. Justice Frankfurter specifically states—"Cases like David Lupton's Sons Co. v. Automobile Club, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699, are obsolete insofar as they are based on a view of diversity jurisdiction which came to an end with Erie Railroad Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L. R. 1487. That decision drastically limited the power of federal district courts to entertain suits in diversity cases that could not be brought in the respective State courts or were barred by defenses controlling in the State courts." The Lupton case clearly involved a procedural statute of the State of New York, which prohibited a foreign stock corporation from doing business in the State and from maintaining any action in the State upon any contract made by it in this State unless it had first procured from the Secretary of State of New York a certificate and filed it pursuant to Section 15 of the General Corporation Law of New York. The Lupton case held that the New York statute did not prevent the plaintiff from bringing its suit in the Federal District Court. So that it may be that the Supreme Court, in view of its more recent decision in Angel v. Bullington, supra, will hold that this District Court must apply the New York statute.

In Donovan v. Queensboro Corporation, et al., D.C., 75 F.Supp. 131, 133, appeal dismissed March 23, 1948, certiorari denied 335 U.S. 804, 69 S.Ct. 20, Judge Inch wrote —"Assuming, therefore, that this state law is, to some extent, procedural, I am satisfied that it also does represent an important

---

exist, then the procedure heretofore prevailing in courts of equity of the United States shall be applied; or in default thereof in the discretion of the court, the procedure which shall then prevail in the Supreme Court of the State of New York may be applied."

protection to citizens of the State of New York and is the policy of the State of New York, the application rests in the judicial discretion of the federal judge," and required plaintiff to furnish security in the sum of $50,000.

In Beneficial Industrial Loan Corporation v. Smith, 170 F.2d 44, the Court of Appeals for the Third Circuit having before it for consideration a New Jersey statute, N.J.S.A. 14:3–15, similar to New York's 61-b requiring a plaintiff to give security for counsel fees and expenses as a condition precedent to maintenance of a stockholders derivative suit, said—"Without regard to the question whether the New Jersey statute creates a substantive right or is merely remedial we conclude that the statute is applicable in the case at bar, * * * because it states an important policy of the State of New Jersey." 170 F.2d at page 51, citing Erie Railroad Co. v. Tompkins, supra, and Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, and other cases.

[2] Professor Moore argues that under the doctrine of Angel v. Bullington, supra, the New York statute expressing a state policy must be applied by a federal court in that state and that the federal court may not in its discretion apply or refuse to apply the New York law.

The Supreme Court of the United States has granted certiorari in Beneficial Industrial Loan Corporation v. Smith, supra, and in (Cohen, Executrix, et al. v. Beneficial Industrial Loan Corporation), which presents the question whether the similar New Jersey statute must be applied by the District Court in that state.

■ Notwithstanding my high opinion of the courts that have held to the contrary and of Professor Moore's opinion and their cogent reasons, I believe that in the interest of litigants inconsistencies in the rulings of the judges of a District Court should be avoided if reasonably possible. Therefore, I shall deny the motion for security without prejudice to a renewal upon the disposition by the Supreme Court of the appeals in the Beneficial Industrial Loan Corporation cases.

The motion to dismiss the complaint for failure to comply with Rule 23(b) F.R. C.P. is granted with leave to amend. The motion to require security pursuant to Section 61-b of the New York General Corporation Law is denied without prejudice to a renewal as indicated above.

Settle orders on notice.

---

[2] Moore's Federal Practice 2nd Ed. Vol. 3, Section 23.15 pages 3502–3506.