## CIRCUIT COURT OF FAIRFAX COUNTY

Early Settlers Ins. Co.

v.

Michael J. Lay and
State Farm Mutual Ins. Co.

December 12, 1989

Case No. (Law) 83714

By JUDGE ROSEMARIE ANNUNZIATA

This case is before the Court on the Motion of plaintiff, Early Settlers Insurance Co. ("ESI"), for Declaratory Judgment. ESI maintains that Michael J. Lay, the insured, breached the terms of his insurance contract by failing to timely report an automobile accident in which he was involved. ESI contends that this breach precludes liability on its part for any claims arising from that accident.

Based on the oral argument and the material supplied by both parties, I make the following findings. Mr. Lay went to Ernest Enjetti to obtain automobile insurance and was insured through the Virginia Automobile Insurance Plan (the Plan). The Plan allocates high risk drivers to member insurance companies at random, thus spreading the cost for such risk among the Plan's members.

The plaintiff, ESI, was assigned as Lay's insurance carrier, and it issued a policy to him. When Lay became involved in an automobile accident, he reported the occurrence to Enjetti. ESI relies on a provision within that insurance contract which requires that the insured give notice to the Company or any of its "authorized agents" in the event of a claim for coverage. ESI maintains that

Lay's notice of the accident to Enjetti was insufficient, in that he was not an "authorized agent."

The Virginia Automobile Insurance Plan, however, clearly provides that claims may be handled by "producers of record," in whose class Enjetti certainly falls. *Virginia Automobile Insurance Plan*, § 27; *see also*, ESI's Automobile Insurance Policy Declaration, designating Enjetti as "producer of record." The Plan says that such producers shall report any claims to the carrier within one working day.

Moreover, the Virginia Code specifically states that "for the purpose of notice of claim or suit, the agent or *producer of record* shall be deemed to be the agent of the insurer." (emphasis added) Va. Code Section 38.2-1801. Under this Code section, Lay's report to Enjetti was sufficient notice to the plaintiff of the accident and his claim.

Given the terms of the Plan and the law as stated above, I find that Lay has not breached the terms and conditions of the insurance contract in question. Therefore, the liability of the plaintiff based upon the insurance contract and resulting from the accident which was reported to Enjetti is clearly established.