## CIRCUIT COURT OF FAIRFAX COUNTY

Early Settlers Ins. Co.

v.

Michael J. Lay and
State Farm Mutual Ins. Co.

February 20, 1990

Case No. (Law) 83714

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the court is Plaintiff's Motion for Declaratory Judgment. It arises from the following facts:

On October 20, 1986, defendant, Michael J. Lay, purchased an assigned risk insurance policy through Ernest Enjetti, a producer of record, from Early Settlers Insurance Company. On November 16, 1986, defendant Lay was involved in a motor vehicle accident with Karen Garrett in Fairfax County and was hospitalized through November 19, 1986, for physical injuries. On November 17, 1986, defendant Lay requested his father, John Lay, to provide all the necessary and pertinent insurance information to Karen Garrett and her insurance carrier. On the same day, while still hospitalized, defendant Lay requested his father, John Lay, to notify Ernest Enjetti of the accident. John Lay complied with his son's requests as set forth. Within three business days of his release from Fairfax Hospital, defendant Lay himself advised Ernest Enjetti of the facts of the accident in a meeting in Enjetti's office where the facts of the accident were again discussed.

Premium notices to Lay after the accident referred to Enjetti as "your agent," and Enjetti continued to accept

premium payments on behalf of Early Settlers Insurance Company from Lay after the accident. He was also paid commissions by Early Settlers Insurance Company. At no time did Enjetti report the accident to Early Settlers Insurance Company.

In his application for insurance through Virginia's assigned risk plan, Lay declared and certified, as evidenced by his signature, the following: "I designate as producer of record for this insurance the producer or firm named in this application and understand he is not acting as an agent of any company for the purpose of this insurance." Columbia Insurance Co. and Ernest Enjetti were identified as producers of record in the application. The application further implicitly identifies Enjetti as the insured's agent in the paragraph entitled "What Are Your Rights."

Defendants claim that the notice to Enjetti, provided by Michael J. and John Lay, constitutes notice to Early Settlers Insurance Company on the ground that Enjetti was acting as the insurer's agent. Early Settlers contends that Enjetti was not its agent and that it did not receive timely notice of the accident as required by the contract of insurance, and that as a result, it declined to provide coverage for the loss claimed.

In support of their position, defendants rely principally upon Virginia Code § 38.2-1801, which in 1986 read as follows:

> A person who is authorized by an insurer to solicit, negotiate, or effect insurance or applications for insurance shall be held to be the agent of the insurer that issued the insurance solicited or applied for in any controversy between the insured or his beneficiary and the insurer.

The statute was amended in 1988, adding the following language "for the purpose of notice of claim or suit, the agent or producer of record shall be deemed to be the agent of the insurer." The parties agree the amended statute is not applicable.

Defendants contend that Enjetti, as the individual who accepted the Lay application of insurance under the Virginia Automobile Insurance Plan is, as a matter of

law, under effect on the 1986 version of § 38.2-1801, the agent of the insurer for the purpose of receiving the notice of claim and that his knowledge, as agent, is imputed to Early Settlers, as his principal, citing *Employers Insurance Co. v. Great American*, 214 Va. 410 (1973).

In reconsidering the issue and further researching the construction given the statute in question, I find a different conclusion must be drawn.[1]

It appears to be well-recognized that the agency created by statute, such as the one in effect in Virginia in 1986, is limited to matters related to the specific transactions named in the statute, i.e., soliciting or effecting an application for insurance. *See, Couch on Insurance*, 2d, § 26:15 at 532-535, 544. *See also, Sands v. Bankers' Life Insurance Co.*, 168 Va. 645, 192 S.E. 617 (1937). Specifically, Couch notes, "An agent under a statute making one who solicits and procures an application for insurance the agent of the insurer has merely the usual powers of a soliciting agent [cite omitted]. Such a statute does not create a general agency existing at all times and as to all matters arising after the application is taken and the policy issued, and the scope of the agency created by such a statute is to be determined by the general principals of agency law [cites omitted]."

It is likewise well established that, unlike a general agent, the authority of a soliciting is limited. This individual must be treated as a special agent, having limited authority to solicit insurance or effect and submit applications. Couch, *supra*, at 729. *See also, Liberty Mutual Ins. v. Safeco Ins.*, 223 Va. 317, 324 (1982), (characterizing *in dicta* as "rather unusual" and "without [their] endorsement" the proposition that notice to an independent agent who produces an assigned risk policy is notice for the insured to the company).

In summary, I find the statute does not support the construction urged by defendants; the fact that Enjetti effected an application for insurance does not make him an agent for the purpose of receiving notice of claim.

---

[1] An earlier opinion in this case was reported at 18 Va. Cir. 348. [Reporter's Note]

I further find, applying other principals of agency law, that the evidence in the case is insufficient to establish Enjetti as plaintiff's agent by implication, estoppel, or by ratification. The limitations placed on Enjetti's authority were stated in the application itself. *See Charles Ruppman Advertising, Inc. v. Manhattan Life Ins. Co.*, 242 N.E.2d 897 (Ill. 1968). (Generally, an insured is bound by all the limitations of authority of an insurance agent of which he has notice.) Further, the receipt of premium payments from the insured and commissions from the insured is insufficient, standing alone, to establish an agency relationship. *See, e.g., Royal Indem. Co. v. Hook*, 155 Va. 956, 157 S.E. 414 (1930); *Creech v. Massachusetts Bonding Co.*, 160 Va. 567 (1933).

For these reasons, I find that Michael J. Lay breached the terms and conditions of the policy of insurance issued by plaintiff by failing to timely report the November 16, 1986, automobile accident to plaintiff, as required by the insurance policy, and therefore, that plaintiff is not liable for any injuries or damages sustained by any party as a result of the accident.